1. This was an action instituted by plaintiff in the court of (356) H. S. Taylor, justice of the peace in Rutherfordton, N.C. on 31 January, 1905, for the recovery of four days penalties at $50 per day, aggregating $200, under the provisions of section 1964 of The Code (section 2631 of the Revisal of 1905).
2. That on 27 January 1905, plaintiff sent 1,000 pounds of cottonseed meal to the agent of Southern Railway Company (defendant) at its regular depot or station at Rutherfordton, N.C. together with the correct amount of money to prepay the freight upon said 1,000 pounds of cotton-seed meal to its destination, and plaintiff tendered said cottonseed meal for shipment to Rev. J. Seagle, at Hendersonville, N.C. also a regular depot or railway station or shipping point on the line of the defendant railway company within this State; and with the tender of said freight for shipment plaintiff also tendered the money to prepay the said shipment of freight from Rutherfordton to Hendersonville.
3. That some few days prior to the date of tender of said freight for shipment plaintiff had ascertained from the agent of the defendant railway company at Rutherfordton, who was C. T. Hamrick, the exact amount of money necessary to prepay freight shipment, but after plaintiff had received this information from defendant's agent, Hamrick, defendant transferred said Hamrick to another station or depot on the line of its railway, to wit, Henrietta, and one C. W. Kitchens was sent by defendant to take the place of the said C. T. Hamrick as agent of the defendant company at Rutherfordton.
4. That when plaintiff delivered the 1,000 ponds of cotton-seed meal for shipment as stated above, and tendered the money to prepay the freight upon the cotton-seed meal to Hendersonville, the agent of *Page 290 
(357) defendant railway company, the said C. W. Kitchens, who had but recently assumed the position of agent, refused to accept the money tendered to prepay freight and stated to the drayman who brought the 1,000 pounds of cotton-seed meal to defendant's depot that he did not have the time then to look up the freight rates and that the drayman could leave the cotton-seed meal in the defendant's warehouse, and when he (the defendant's agent) had ascertained the freight he would be ready to make the shipment; but defendant's agent gave plaintiff no receipt and no bill of lading for said cotton-seed meal and did not offer to ship the cotton-seed meal until 8 February, 1905.
5. That daily plaintiff called defendant's agent and requested that the cotton-seed meal be received for shipment, but each time defendant's agent, Kitchens, informed plaintiff that he was too busy with other work to ascertain the freight rates.
6. The said cotton-seed meal remained at the defendant's warehouse until 8 February, 1905, when defendant's agent informed plaintiff that he was ready to make the shipment, received from plaintiff the amount of money necessary to prepay the freight and shipped the cotton-seed meal as originally requested.
His Honor gave judgment for $200, being the penalty for four days and being the full amount claimed, and the defendant appealed.
The defendant admits its liability for negligence in the brief filed, in these words: "The defendant has never pretended that it is not liable to a penalty, and does not now make any such contention." The defendant contends that the suit was brought under the wrong statute, admitting that it is liable for the penalties denounced (358) in section 2632. It is contended that there was no refusal to receive the freight for shipment.
We are of opinion upon the facts agreed that there was a refusal by the agent "to receive for transportation when tendered." It was the duty of the agent to receive the freight and give a bill of lading for it. That is a "receiving for transportation." The agent received the freight for storage on 27 January and kept it until 8 February, but under a fair interpretation that is not a compliance with the statute. The fact that the agent did not know the freight rates is no excuse. It is his duty to know them. At least, he could readily have telegraphed and ascertained, and need not have refused to give a bill of lading on that account. *Page 291 
We think, under the authorities and the facts agreed, the suit is brought under the proper statute. Carter v. R. R., 129 N.C. 213; Curriev. R. R., 135 N.C. 535.
Affirmed.
Cited: Reid v. R. R., 149 N.C. 425; Garrison v. R. R., 150 N.C. 583,592; Reid v. R. R., ib., 758; Lumber Co. v. R. R., 152 N.C. 73, 75; Reidv. R. R., 153 N.C. 492, 496; Tilley v. R. R., 162 N.C. 40.