J. F. JENKINS v. SOUTHERN RAILWAY COMPANY.

(Filed 27 November, 1907).

1. **Railroads—Penalty Statutes—Transportation—Reasonable Time— Ordinary Time—Burden of Proof.**

In an action to recover the penalty given by section 2632, Revisal, the burden of proof is on the plaintiff to show that the carrier failed to transport and deliver the goods within a reasonable time, which is defined to be the "ordinary time" required to transport and deliver. This may be shown by proving the distance over which the goods are to be transported and the time consumed therein. From this evidence the jury may, as a matter of common knowledge and observation, draw the conclusion whether, in view of the usual speed of freight trains, the time consumed, the distance, and other conditions, the carrier has failed to transport and deliver within a reasonable time.

2. **Same—Revisal, sec. 2632—Construction.**

The statute does not fix a "hard and fast" rule in defining reasonable time. From the "ordinary time" within which the jury find the goods should have been transported and delivered, the Court must deduct two days at the "initial point" and forty-eight hours at each "intermediate point," as defined by the Court in *Davis v. Railroad*, 145 N. C., 207, and for all time in excess thereof the statutory penalty may be recovered.

(*Stone v. Railroad*, 144 N. C., 220, cited and approved).

ACTION to recover penalty imposed by Revisal, sec. 2632, for a failure to transport freight within a reasonable time, tried before *Ferguson, J.,* and a jury, at the Summer Term, 1907, of the Superior Court of CLEVELAND County.

Judgment for plaintiff. Defendant noted exceptions and appealed.

*Quinn & Hamrick* for plaintiff.
*W. B. Rodman* and *O. F. Mason* for defendant.

CONNOR, J. The following case is disclosed by the record: On 7 December, 1906, Nissen & Co. delivered to defendant company at Winston-Salem, N. C., one wagon for transportation and delivery to plaintiff at Grover, N. C. The wagon

was delivered to plaintiff 12 January, 1907. The distance between the two stations is "more than one hundred and less than two hundred miles." There was no testimony tending to show the ordinary time required to transport freight from Winston-Salem to Grover. Defendant introduced no evidence. Motion for judgment of *nonsuit* denied. Defendant excepted. This ruling of the Court presents the question whether, the distance between the two points and the time consumed in the transportation being shown, plaintiff is entitled to have his case submitted to the jury to find whether the freight has been transported within the ordinary time required, etc. We undertook, so far as necessary upon the record, to construe the statute in *Stone v. Railroad,* 144 N. C., 220. We there held that no other duty was imposed upon the carrier, in regard to the time within which the freight should be transported, than was imposed by the common law. The statute permits the plaintiff to go to the jury, as upon a *prima facie* case, by showing that the defendant omitted and neglected to transport the freight within the "ordinary time required," etc. The issue, therefore, in this case, is, Did the defendant transport, etc., within the "ordinary time required"? The burden of this issue is upon the plaintiff. What is "ordinary time" is a question of law. The Court defines the term, fixes the standard. Whether the transportation is made within such time is a question of fact for the jury. In *Stone's case, supra,* we found that "ordinary time" is the usual, regular, customary time within which, by the means and facilities in general use for the performance of the duty, the service should be completed. In other words, how long, over defendant's road, by the use of the locomotive and cars in general use, by the usual schedules of its freight trains used for that purpose, should the defendant have been given to transport this freight? The time actually taken was thirty-five days. If the jury find that this was more than "ordinary time required," etc., the statute declares such time

*prima facie* unreasonable and imposes the penalty. If the plaintiff failed to introduce evidence tending to show facts from which the jury may find the fact in issue, the Court should have granted the motion for judgment of nonsuit. He failed "to make out his case." Plaintiff insists that, having shown the distance and the time consumed, the jury may, as a matter of common knowledge, observation and experience, find as a conclusion of fact that more than ordinary time elapsed between the shipment and delivery. The general rule is, that facts in issue must be found by the jury upon testimony introduced in the orderly way prescribed in judicial procedure. To this rule there is a well-settled exception, the application of which is sometimes difficult. For the purpose of this discussion, it may be said that there are certain matters, of which, by reason of common knowledge, observation and experience, the courts take judicial notice. These, "courts may and should notice without proof, and assume as known by others, whatever, as the phase is, everybody knows." Thayer on Ev., 301. Greenleaf says: "In general, the jury may, in modern times, act only upon evidence properly laid before them in the course of the trial. But so far as the matter in question is one upon which men in general have a common fund of knowledge and experience, the analogy of judicial notice obtains to some extent, and the jury are allowed to resort to this possession in making up their minds. * * * But the scope of this doctrine is narrow and is strictly limited to a few matters of elemental experience in human nature, commercial affairs and everyday life." 1 Evidence (16th Ed.), 17. Professor Thayer, discussing the subject, says: "But as the jury is bound to keep within the restrictions imposed upon courts by the principle of judicial notice, so also it has the liberty which that principle allows to courts. The circumstance that the jury is a subordinate tribunal does not change the nature of their office." Ev., 296; Wigmore Ev., sec. 2565. In *Com. v. Peckham,* 2 Gray, 514, cited by

Professor Thayer, the Judge said: "Jurors. are allowed to act upon matters within their general knowledge, without any testimony on those matters." *Shaw, C. J.,* said: "The jury may properly exercise their own knowledge and experience in regard to the general subject of inquiry," being the value of certain goods. It becomes material and of interest to inquire how far the principle, or, speaking more accurately, the exception, has been applied in cases germane to this appeal. In *Hipes v. Cochran,* 13 Ind., 175, it was said: "We are of the opinion that the fact that the usual route and speed of travel from C. in Indiana to R. in New York is by railroad is a public fact, of which this Court can as well take notice as the route and mode of passing from point to point."

In *Oppenheimer v. Wolf,* 3 Sandf. Ch., 571, it was material to fix the date as nearly as possible of the death of one Joseph Wolf, lost in a voyage across the Atlantic. This fact was dependent upon the time ordinarily required to make the trip in vessels of the character of that in which he sailed. The Vice-Chancellor said: "These are facts forming a part of the experience and common knowledge of the day, and, as such, are legitimate grounds for the judgment of the Court." In *Pearce v. Langfit,* 101 Pa. St., 507, it is said: "We apprehend that the ordinary speed of railway trains is a matter of judicial cognizance, and hence a very simple computation will demonstrate with approximate certainty the time within which mails may be transported between such cities as New York and Pittsburg." In *Williams v. Brown,* 53 App. Div. (N. Y.), 486, *Jenks, J.,* says that "the time of railroad travel and transportation of the mails between two cities is less than two days" will be taken notice of by the Court. In *Bradford v. Steamship Co.,* 147 Mass., 55, *Holmes, J.,* says that the jury would be justified in fixing the damage to the goods in controversy "as a matter of common experience." This Court, in *Deans v. Railroad,* 107 N. C. 686 (at p. 693),

speaking through *Mr. Justice Avery,* says: "The jury were at liberty to exercise their common sense and to use the knowledge acquired by their observation and experience in everyday life in solving the question," in that case, of the distance within which the engineer could see a man on the track. "Courts and juries, acting within their respective provinces, must take notice of matters of general knowledge, and use their common sense when the evidence makes the issue of law or fact depend upon its exercise." While we are not disposed to extend the application of the doctrine further than we can clearly see is conducive to substantial justice, it is manifest in this case that the Court may, as something known of all men, or, as said by Professor Thayer, "everybody knows," have told the jury as a matter of law that a railroad freight train over defendant's track did not ordinarily require thirty-five days to travel two hundred miles. To have non-suited plaintiff upon the record would have been trifling with the administration of the law. While we are clearly of the opinion that in this case the jury were fully justified in finding the issue for the plaintiff, we do not commend the practice, becoming too common, of submitting causes to juries upon slight evidence, especially when the party having the burden of the issue may so easily show the very truth of the matter. When the distance is greater and the time shorter, we would not be disposed to relax the safe rule that the plaintiff must make out his case by the introduction of evidence. If, as is contended, the matter is so well known that jurors are asked to act upon their common knowledge, it certainly cannot be an unreasonable burden upon the plaintiff to require him to introduce some evidence. The purpose of a trial by jury is to establish the truth, to the end that a righteous judgment be rendered. If the defendant be so advised, it may, of course, show that, notwithstanding the time consumed in the transportation is in excess of the ordinary time, extraordinary conditions, unforeseen and unforeseeable causes, inter-

vened and prevented the discharge of the duty within the ordinary time. If such conditions as the law deems adequate are shown, the *prima facie* case is repelled and the question of reasonable time is measured by the unusual and unexpected conditions. *Whitehead v. Railroad,* 87 N. C., 255. We are of the opinion that his Honor properly denied the motion for judgment of nonsuit.

In *Walker v. Railroad,* 137 N. C., 163, there was no evidence as to the distance or delay. There was a total absence of any data upon which the jury could find an unreasonable delay. In *Morris v. Express Co., ante,* 167, *Mr. Justice Hoke* discusses the doctrine regarding the extent to which the Court will take judicial notice of distances between cities and towns. His Honor instructed the jury: "Reasonable time is the ordinary time according to the means and opportunities which the shipping company had to deliver the goods. Our Legislature has said that it would allow two days at the receiving point, forty-eight hours or two days delay at some intermediate point in each one hundred miles or fractional part of a hundred miles, and if the goods are delivered within that time, that is a reasonable time. But if the goods are not delivered at the station to which they are consigned within that time it is *prima facie* evidence that they are not delivered within a reasonable time, the ordinary time. And if they are not delivered within the time mentioned by the statute, it devolves upon the defendant to show that it is not the length of time required for the ordinary delivery of the goods from the receiving station to that to which they are consigned." Defendant excepted. There can be no just criticism of his Honor's definition of the term "reasonable time." He evidently experienced the same difficulty which confronted us in construing the statute, by reason of the peculiar placing of the words "and a failure to transport within such time, shall be held *prima facie* unreasonable." As placed, they would seem to refer to the sentence immediately preceding, thus making the

"lay days," or days "not charged," the standard of "reasonable time." This construction nullifies the language which makes "ordinary time" the standard. His Honor told the jury that, if the goods were not delivered within two days from the day of receipt and forty-eight hours at intermediate points, there was *prima facie* an unreasonable delay. This view entirely eliminates the element of "ordinary time," making a "hard and fast" rule. Endeavoring to avoid this construction, which we thought inconsistent with the general provisions and purpose of the statute, we held in *Stone's case, supra,* that the last sentence in order of arrangement should be referred to the former sentence making "ordinary time" the *prima facie* standard, thus making the act read: "A failure to transport within ordinary time is *prima facie* unreasonable." Thus construed, the jury find, first, whether the transportation was within the "ordinary time." This being found, the question arises, What time should be allowed defendant as "ordinary time" for transporting? For all in excess of this time it is liable for the statutory penalty, less two days at the "initial point" and forty-eight hours at one intermediate point for each hundred miles of distance, etc., which shall not be charged against such carrier as unreasonable. Thus construed, the two days at the initial point and forty-eight hours at each intermediate point are not the standards by which "reasonable time" is measured, but are not to be charged as "unreasonable," or as we said in *Stone's case,* to this extent the standard of the common-law duty is lowered. We have defined the term "intermediate point" in *Davis v. Railroad,* 145 N. C., 207. Applying the principles announced in *Stone's case,* and herein, we have this result: Assuming that the time consumed in the transportation from 7 December, 1906, to 12 January, 1907, is more than the ordinary time, and, therefore, *prima facie* unreasonable, the question arises, What is reasonable time? Assuming, for the purpose of illustration, that two days for the transportation is such—we have a delay of thirty-three days—from this is to be deducted two days at

the initial point, giving thirty-one days. If there be "intermediate points" coming within the definition given in *Davis'* *case,* they are to be deducted, thus giving the number of days· during which the transportation was unreasonably delayed for which the carrier is liable for the penalty. We have endeavored to give the statute a fair construction, having in view the language from which we must ascertain the intention of the Legislature and the evil intended to be remedied. We have been embarrassed in this and other cases by the very meager testimony set out in the record. While we do not wish to impose any unreasonable burden on the plaintiff, we cannot make out his case by an unwarranted extension of presumptions. For the errors in the charge the defendant is entitled to a

New Trial.