It is well settled by this Court that the General Assembly is entirely within its powers in imposing penalties for unreasonable delay in the transportation of intrastate freight. Connor, J., in Stone v.R. R., 144 N.C. 223, says: "The validity of such legislation has been uniformly sustained in State and Federal courts," and quotes with (409) approval from 9 Rose's Notes, 26, that the question is "'too well settled to be longer the subject of controversy."
The passage of the statute is a declaration of the lawmaking department that its enactment and the imposition of penalties upon common carriers is necessary to protect shippers and great business interests of the State against unreasonable delay in transportation.
The sole function of this department of the Government is to ascertain and construe the true meaning and intent of the Legislature from the language used.
The plaintiff was consignee of a shipment, less than a car-load, from High Point N.C. to Winston-Salem, N.C. The shipment was delivered to the railway company at High Point on 14 January, 1907, arrived at the yards of defendant in Winston-Salem on 19 January, 1907. It was unloaded at defendant's warehouse on 22 January and notice of its arrival given to plaintiff on 23 January. The distance from High Point to Winston-Salem is admitted to be 44 miles. *Page 305 
The railroad yards at Winston-Salem are about 2 miles in length and have a track mileage of some 5 or 6 miles. No one seemed to know in what portion of the yards this shipment was placed upon its arrival, and it remained on the yards from 19 January to 22 January. The plaintiff in the meantime repeatedly phoned and asked to he notified of the arrival of this shipment. It was in evidence that two days — not more than three — was a reasonable time for transportation of freight from High Point to Winston-Salem, including stoppages.
Upon the facts his Honor directed the jury to answer the issue "$12.50," holding that the penalty for delay in transportation ceased upon the arrival of the train carrying the shipment in the freight yard of its destination.
The shipment was made in a car loaded to go through from High Point to Winston-Salem without breaking bulk. It moved via Greensboro which is a general distrbuting [distributing] point for the (410) several roads of the defendant's system. At that point this car, which came in from High Point on the defendant's main line, was shifted and put into the local train on the line from Greensboro to Winston.
The shipment was received at High Point on 14 January, and, after being carried 44 miles, the plaintiff at Winston was notified of its arrival at that place on 23 January, and the goods were delivered to it on that day. The goods were thus in custody of the defendant ten days and were transported 44 miles — less than 4 1/2 miles per day.
Under the statute the defendant was entitled to two free days at the initial point, High Point, instead of one day allowed by general statute in computation of time. Revisal, sec. 887; Davis v. R. R., 145 N.C. 207. Though the goods were not transferred by breaking bulk at Greensboro, which would have made it an "intermediate" point, under Davis v. R. R., supra, the car was taken out of the train on the main line and shunted into the train on the local line. This, we think, equally makes Greensboro an "intermediate" point, entitling the defendant to the allowance of two free days. In addition, his Honor should have told the jury to allow the ordinary average running time of freight trains for that distance. Walker,J., Davis v. R. R.. supra. If this should be found to be one day there would be an allowance of five days for the 44 miles Chapter 461, Laws 1907, prescribes that Revisal, sac. 2632, "shall be construed to require the delivery at its destination within the time specified," i. e., within the five days, which would have been on Friday, 18 January, and the plaintiff is entitled to recover for five days delay, beginning with Saturday, 19 January, i. e., one day at $12.50 and four days at $2.50 each (Revisal, sec. 2632), making $22.50. *Page 306 
The court erred in holding that when the defendant got its train within the yard limits at Winston-Salem the transportation (411) ceased. The test, according to the ruling of this Court in Alexander v. R. R., 144 N.C. 93, 98, citing with approval and followingHilliard v. R. R., 51 N.C. 341, is when the railroad shifts its responsibility for carriage from that of common carrier to warehouseman. When it becomes a warehouseman and liable as a warehouseman transportation ceases, and not before. It did not become liable as a warehouseman until it had unloaded its freight at its warehouse at Winston-Salem, and the penalty accrued under the facts in this case ceased when it had so transported the freight and notified the consignee of such delivery, which was on 23 January.
The defendant insists that the goods arrived on the yard at 2 :30 p.m., 19 January, Saturday, and it could not deliver on Sunday, and that day should not be counted. It is true that when freight in due time should arrive on Sunday it cannot be delivered that day, even if it arrives, and such "last day, being Sunday, shall not be counted." Revisal, sec. 887. But here (1) if five days was the proper allowance, the goods should have arrived and have been delivered on Friday, and the time of delay chargeable against the defendant began to run and be counted will Saturday; (2) as a matter of fact the goods did not arrive, were not placed in the warehouse, till 22 January (Tuesday), and they were not delivered till Wednesday, 23d. The goods should have been delivered on Friday, 18th (if one day is found by the jury to cover ordinary running time). Every day's delay after Friday is time chargeable to defendant by the words of the statute, just as interest or any other computation of time, once begun to run, runs according to the calendar, without deduction of Sundays or holidays. The default having begin, the calendar, the course of the sun, measures its duration, not to exceed (by the terms of the statute) thirty days.
In the defendant's appeal there was error in the judge not leaving it to the jury to find the time of ordinary actual movement of a (412) freight train for the 44 miles. Jenkins v. R. R., 146 N.C. 178. It is probably not more than one day, and the total time would, if so be five days but he also erred in the plaintiff's appeal in counting arrival of goods as being the date of arrival in the yards, whereas the transportation was not terminated before the goods were taken out of the car and placed in the warehouse: and by the terms of the statute (ch. 461, Laws 1907) the time allowed for transportation, i. e., actual running time for freight trains between those two points, plus two days at initial point, plus two days at each "intermediate" point (if any), must embrace within them the day of delivery, if goods are applied for, and *Page 307 
for every day beyond that the common carrier incurs the penalty prescribed by the statute.
In both appeals there is
Error.
Cited: Collection Agency v. R. R., post, 593; Mfg. Co. v. R. R.,152 N.C. 668, 669; Mfg. Co. v. R. R., ib., 845.