STATE v. M. H. TWEED.

(Filed 25 May, 1910.)

1. Murder—Previous Quarrel—"Bad Blood"—Evidence.

Upon a trial for murder, it is competent to show that the deceased and the prisoner had a quarrel previous to the killing, as evidence of bad blood between the parties.

2. Murder—Confusing Degrees — Instructions — Charge — Harmless Error.

Upon a trial for murder, an incorrect instruction of the trial judge in the first of the charge, confusing murder in the second degree with murder in the first degree, the accused having been convicted of murder in the second degree, is not reversible error, his Honor having thereafter correctly charged thereon in several parts of his charge so as to render it impossible that the jury could have been misled.

APPEAL by defendant from *J. S. Adams, J.,* at November Term, 1909, of BUNCOMBE.

The defendants were indicted for the murder of Arthur Franklin, and convicted of murder in the second degree. From the judgment rendered, the defendant M. H. Tweed appealed.

*Attorney-General Bickett, George L. Jones* and *Frank Carter* for the State.

*Moore & Rollins, Gudger & McElroy* and *Craig, Martin & Thomason* for defendants.

PER CURIAM. The typewritten record in this case embraces 174 pages, and there are twenty-three exceptions, all of which have been examined. There is only one exception to the admissibility of evidence, and that relates to the admission of testimony in regard to the previous quarrel on Saturday night between Major Tweed and Arthur Franklin. This was clearly competent to show bad blood between the parties. The remaining exceptions (except those purely formal and those re-

lating to the service of case on appeal) appertain to the charge of the court, which is set out in full in the record.

We are of opinion that the charge is full and correct and follows carefully the well-settled decisions of this Court. A discussion of them again is unnecessary in an opinion.

It is true, his Honor defined murder in the second degree as the felonious killing of a human being, in the first of his charge, but immediately thereafter he defined it correctly, as follows: "Murder in the second degree is the felonious killing of a human being in the peace of the State, by a person of sound memory and discretion, with malice aforethought; and this malice may be either express or implied." This was repeated again in the charge. We do not think it possible that the jury could have been misled.

There is abundant evidence to justify the verdict of the jury, and we find no error of sufficient importance to warrant us in ordering another trial.

No error.