P. E. SHAW v. SOUTHERN EXPRESS COMPANY.

(Filed 22 March, 1916.)

1. **Carriers of Goods—Express — Refusing to Receive — Shipment — Special Trains—Penalty Statutes.**

     An express company is not liable for damages, and the statutory penalties of Revisal, secs. 2631 and 2632, for refusing to receive a shipment of thirty crates of strawberries for a certain train not carrying accommodations for shipments of this character, though it had taken, on occasion, a few berries thereon for the plaintiff, when it so advertised, the shipper knew of it, and accommodations on other daily trains were specially provided.

2. **Carriers of Goods—Express—Refusing to Receive—Shipment—Tender in Time—Trials—Questions of Law.**

     The plaintiff tendered to the defendant thirty crates of strawberries at a small station requiring only one agent to attend to the various duties

of express, telegraph, and railroad agent, when the train for which the shipment was intended was seen approaching the depot, and about seven or eight minutes before its arrival there. A charge of the court that it was for the jury to determine whether, under the circumstances, the tender of the shipment for that train was in time was not open to plaintiff's objection. *Semble*, the time was insufficient as a matter of law. Revisal, sec. 2632.

APPEAL by plaintiff from *Connor, J.*, at August Term, 1915, of DUPLIN.

Civil action tried upon these issues:

1. What sum, if any, is plaintiff Shaw entitled to recover of the defendant company as damages for failure to receive and forward on train No. 42 thirty crates of strawberries on 23 May, 1913? Answer: "Nothing."

2. Did defendant refuse to receive from plaintiff for shipment thirty crates of strawberries on 23 May, 1913, as alleged? Answer: "No."

3. What sum, if any, is plaintiff Shaw entitled to recover of the defendant company as damages for failure to receive and forward on train No. 42 three crates of strawberries on 28 May, 1913? Answer: "Nothing."

4. Did defendant refuse to receive from plaintiff for shipment three crates of strawberries on 28 May, 1913, as alleged? Answer: "No."

From the judgment rendered, plaintiff appealed.

*Oscar B. Turner for plaintiff.*
*Johnson & Johnson for defendant.*

BROWN, J. The plaintiff sues to recover penalty and damages for failure to receive and transport two lots of strawberries under sections 2631 and 2632 of Revisal.

The evidence in the case is conflicting, but there is evidence tending to prove that on 23 May, 1913, the plaintiff tendered to the defendant at Teachey thirty crates of strawberries to be shipped to Raleigh. These berries were tendered at 8 o'clock p. m. and forwarded on the train which passed Teachey the following day at 10 o'clock a. m. The defendant had a train which passed Teachey at 8:06 o'clock p. m. of 23 May, but the defendant's agent testified that the train had stopped at the depot and she was out on the ground to meet the train at the time the berries were offered, and had no time to bill them on that train. These berries arrived in Raleigh 15½ hours later than they would have arrived in Raleigh had they gone forward by that train. On 28 May, 1913, the plaintiff tendered to the defendant at Teachey four crates of strawberries to be shipped to Raleigh, one of which the defendant transported by the train passing Teachey at 8:06 o'clock, and the others the defendant transported on the following day by the train passing Teachey at 10 o'clock a. m.

There are only two assignments of error relied upon:

1. The court instructed the jury: "If you find from the evidence that the railroad company operated a train passing Teachey at 8:06 p. m., carrying express, mail, and passengers, and not equipped for transportation of berries in as large quantities as thirty crates, and that the public knew it, I instruct you that the defendant was under no obligation to ship these thirty crates on train No. 42; and if you find from the evidence that the defendant accepted these crates of strawberries and shipped them on the first train that was properly prepared and equipped for carrying strawberries in that quantity, then the plaintiff would not be entitled to recover any damages."

There is evidence that the defendant had given a standing instruction not to receive any quantity of perishable matter for shipment on train 42; that defendant had regular express trains daily for carrying truck and an extra truck train, No. 48, during the truck season; that on these trains the defendant was prepared to receive and ship all truck tendered, but was not on 42. There is also evidence tending to prove that plaintiff knew this, and that as an accommodation to him occasionally a few berries were taken on 42 when it could be done without delay. In view of this evidence, we think the plaintiff has no just cause to complain of the charge.

2. The court further charged: "If you find that these thirty crates were tendered seven or eight minutes before the arrival of train No. 42, that is, if you find that these crates were tendered at the time the train was seen approaching; that Teachey is a small station, and that the agent is also agent of the Western Union, and also postmistress, then I instruct you that you have a right to consider all of these facts in determining whether seven or eight minutes was sufficient time to enable an agent to make proper billing and see that they were properly marked for shipment; and in considering that you must consider the fact that it was the duty of this agent to wait on other people besides the owner of strawberries; that it was just as much her duty to see that other express was properly delivered to the express messenger, and was just as much her duty to see that the express was taken off there, as it was to wait on this plaintiff in this case; and it is for you to say, taking into consideration all of the facts which you shall find from the evidence, even in the event that you find that the company was under obligation to transport these strawberries on train No. 42, it is for you to say whether they were tendered prior to the arrival of the train a sufficient time for the agent to get them billed and off."

We think his Honor was extremely liberal to the plaintiff in leaving the question of reasonable time to the jury under the undisputed evidence that the thirty crates were tendered only seven or eight minutes before arrival of train and just as the train was seen approaching the station.

His Honor might well have held as matter of law that plaintiff could not recover under section 2632, for that section provides that a delay of two days at the initial point shall not be charged against the carrier as unreasonable, and shall be held to be *prima facie* reasonable. *Cox v. R. R.,* 148 N. C., 459. In that case it is held: "When it appears that the plaintiffs in an action against a carrier for failure to accept freight for shipment when tendered did not deliver the goods to the carrier because they could not be transported by a train then getting ready to leave the station, but that they carried it back and shipped it the next day, a motion as of nonsuit upon the evidence should be allowed."

No error.