Civil action for damages imputed to defendant for failure to transport, within a reasonable time, a shipment of fifty-eight barrels of Irish potatoes from Washington, N.C. to Greensboro, N.C. a distance of 207 miles.
The potatoes in question were delivered to the defendant's agent at Washington, in good condition, on Saturday morning, 11 June, 1927, *Page 493 
between the hours of 8 and 11 o'clock, consigned to plaintiff at Greensboro, order notify W. I. Anderson Company. The shipment reached Greensboro Wednesday morning following, 15 June, in a damaged condition. Anderson Company were immediately notified. There was evidence for the plaintiff that during the same season, potatoes had been shipped on Saturday from Washington to Greensboro, in less than carload lots, and reached Greensboro the following Monday morning.
The defendant's evidence tends to show that the shipment in question was handled in the usual way, carried Saturday afternoon to Rocky Mount, a transfer station, and on the following Monday was consolidated with other shipments going in the same direction, left Rocky Mount Tuesday morning, 14 June, was delivered to the Southern Railway at Selma on schedule time, and reached Greensboro, Wednesday morning at 12:05 a.m.
There was a verdict and judgment for the plaintiff for $58, from which the defendant appeals, assigning as principal error the refusal of the court to grant the defendant's motion for judgment of nonsuit.
The plaintiff, having offered evidence tending to show that the defendant omitted and neglected to transport the shipment in question within the "ordinary time required" (Stone v. R. R., 144 N.C. 220,56 S.E. 932), and damage resulting therefrom, was entitled to go to the jury. Jenkins v. R. R., 146 N.C. 178, 59 S.E. 663; Meredith v. R. R.,137 N.C. 478, 50 S.E. 1.
The case of Shaw v. Express Co., 171 N.C. 216, 88 S.E. 22, strongly relied upon by the defendant, is neither controlling nor in point, as the facts of that case readily distinguish it from the one at bar.
the deductible time allowed by C. S., 3516, in computing "reasonable time," to wit, "two days at the initial point and forty-eight hours at one intermediate point for each hundred miles distance or fraction thereof," applies to actions brought to recover the penalty given by said section and fixing the amount thereof, and not to actions for damages only, such as we have in the instant case. Jenkins v. R. R., supra.
There was no error in submitting the case to the jury.
No error. *Page 494