W. A. CORBETT, TRADING AND DOING BUSINESS AS CORBETT PACKAGE COMPANY, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 12 July, 1933.)

**1. Appeal and Error J c—**

The findings of fact by the referee, supported by competent evidence and approved by the trial court, are conclusive on appeal where no error of law is committed on the hearing.

**2. Carriers B b—Finding that shipper tendered correct charges and that freight came within specified classification held conclusive.**

A railroad's deliberate and peremptory refusal to accept shipments properly tendered with the correct freight charges entitles the shipper to the penalties prescribed by C. S., 3515, and where in an action to recover the prescribed penalties the referee finds upon ample evidence in a hearing in which no error of law is committed, that the shipment came within a certain classification, and that the shipper tendered the correct amount for such classification, and the finding is approved by the trial court, such finding is conclusive on appeal, and the carrier may not successfully contend that the shipment came within another classification for which higher freight charges were prescribed, and where a higher tariff has been charged on one shipment the shipper is entitled to recover the excess paid.

**3. Same—**

C. S., 3515, providing a penalty for a carrier's refusal to receive and forward freight duly tendered with proper freight charges, is constitutional as applied to intrastate shipments.

**4. Appeal and Error K g—**

The force of a decision of the Supreme Court is not affected by lapse of time.

**5. Carriers B b—Evidence held sufficient to support finding of actual damages arising from carrier's wrongful refusal of freight tendered.**

Evidence that shipper's contract to deliver certain merchandise was canceled because of carrier's wrongful refusal to accept the merchandise for shipment *is held* sufficient to support the referee's finding of actual damages, profits which would have been certainly realized but for carrier's wrongful refusal of the shipment being recoverable under C. S., 3515.

**6. Same—**

Ambiguous tariffs are to be construed favorably to the shipper, and where two descriptions and tariffs are equally appropriate the shipper is entitled to the one specifying the lower rate.

APPEAL by defendant from *Devin, J.,* at December Term, 1932, of NEW HANOVER. From PENDER.

Civil action to recover (1) penalties in the aggregate sum of $3,750 for wrongful refusal to receive and transport freight duly tendered by plaintiff to defendant; (2) damages in the sum of $2,800 for cancellation of contract which plaintiff had with Castle Hayne Growers and Shippers Association alleged to have been brought about by defendant's wrongful act; and (3) freight overcharge in the sum of $57.45 on shipment actually transported.

A compulsory reference was ordered under the statute, which resulted in report and judgment for plaintiff in the amounts and for the causes above set out.

Defendant appeals, assigning errors.

*Burney & McClelland and Bryan & Campbell for plaintiff.*
*Carr, Poisson & James and W. A. Townes for defendant.*

STACY, C. J. While the record is voluminous and has entailed much study and investigation, the case really falls within a very narrow compass.

The questions presented are these:

1. Were the commodities, "wood splint or veneer boxes, fruit or berry inside carriers, s. u. nested," "vegetable hampers nested and wood splint or veneer boxes, fruit or berry inside carriers, s. u. nested," and "vegetable hampers nested," manufactured by plaintiff and duly tendered the

CORBETT *v.* R. R.

defendant for intrastate shipments, subject to *lumber rates* under note A, Item 66 of E. H. Dulaney, I. C. C. No. 21, exceptions to Southern Classification No. 47 as follows: "Wood, splint, or veneer boxes, fruit or berry (inside carriers), s. u. nested, or fruit or vegetable hampers, wood splint, s. u. nested, tops in bundles; straight or mixed, C. L. Min. Wt. 30,000 lbs. lumber rates?"

There is ample evidence to support the finding that the shipments tendered fall within the above classification and that the correct freight charges were duly proffered with said shipments. True, there is evidence to the contrary, but in view of the findings of the referee, which were approved by the judge, this evidence may be put aside on appeal as no longer essential or material to the controversy.

In reference cases, the findings of fact, approved or made by the judge of the Superior Court, if supported by any competent evidence, are not subject to review on appeal, unless some error of law has been committed in the hearing of the cause. *Wallace v. Benner,* 200 N. C., 124, 156 S. E., 795; *Robinson v. Johnson,* 174 N. C., 232, 93 S. E., 743.

Speaking to the subject in *Thompson v. Smith,* 156 N. C., 345, 72 S. E., 379, *Walker, J.,* delivering the opinion of the Court, and pointing out the difference between the duties of the trial court and the appellate court in dealing with exceptions to reports of referees, said:

"We have said that where the evidence has been considered by the referee and by the judge, upon exceptions to the referee's findings, we will not review the judge's conclusions as to them, because the appellant has had two chances, and when two minds—one at least, and perhaps both, professionally trained and accustomed to weigh evidence and to compare and balance probabilities as to its weight—arrive at the same conclusion, there is a strong presumption in favor of its correctness, or the same is true, even when the judge differs from the referee as to his findings, and we may safely rely on its correctness. The referee is selected, in such cases, in place of a jury, and the judge so acts when he reviews the referee. If there is any evidence to support the findings and no error has been committed in receiving or rejecting testimony, and no other question of law is raised with respect to the findings, we accept what the judge has found as final, as we do in the case of a jury."

Defendant's refusal to accept the shipments tendered by plaintiff was deliberate and peremptory, thus entitling the plaintiff to the penalties prescribed by the statute, if it be constitutional.

2. Is C. S., 3515, which provides a penalty of $50.00 for each day that any railroad or other transportation company shall refuse to receive and forward freight duly tendered with proper freight charges under existing tariffs constitutional?

It is said in defendant's brief that this section has been upheld in a number of cases, "but apparently has not been considered or passed upon for a period of nearly seventeen years." If the time of the decision be regarded as capitally important, it may be observed that the cognate statute, C. S., 3516, which gives a penalty for failure to transport a shipment within a reasonable time, has been upheld within the last three years. *Talley v. R. R.,* 198 N. C., 492, 152 S. E., 390. But we are not aware of any statute of limitation which bars the effect of a decision as a precedent. Perhaps the defendant wishes to see how the matter will strike the Court at the present time. Our answer is, that the statute is constitutional as applied to intrastate commerce. *Twitty v. R. R.,* 141 N. C., 355, 53 S. E., 957; *Garrison v. R. R.,* 150 N. C., 575, 64 S. E., 578; *Lumber Co. v. R. R.,* 152 N. C., 70, 67 S. E., 167. We are not now concerned with its applicability or nonapplicability to interstate shipments. *So. Ry. Co. v. Reid,* 222 U. S., 424.

3. Is there evidence to support the finding of actual damages arising out of the cancellation of the contract had between plaintiff and the Castle Hayne Fruit Growers and Shippers Association?

The answer is, Yes. Plaintiff had a contract to deliver to said association from 70,000 to 100,000 hampers which was canceled because the defendant refused to transport by freight the hampers tendered by plaintiff. C. S., 3515, in terms gives the right to recover actual damages, as well as penalties, for the wrongful refusal to receive and forward freight properly tendered. Profits which would certainly have been realized but for defendant's fault are recoverable as damages for wrongful breach of contract. *Nance v. Tel. Co.,* 177 N. C., 313, 98 S. E., 838; *Brewington v. Laughran,* 183 N. C., 558.

4. Is there any evidence to support the finding that plaintiff is entitled to recover the overcharge of $57.45 on the shipment actually transported?

It is conceded that if the lumber rates were applicable to the shipment in question, as has heretofore been ruled they were, the instant point is no longer debatable.

The case in brief is this: Plaintiff was engaged in the manufacture and sale of "berry crates" and "vegetable hampers," used extensively by truckers for shipping berries and vegetables. A number of shipments were tendered the defendant at Atkinson, N. C., plaintiff's principal place of business, for transportation and delivery to customers in different localities throughout the trucking section of the State. These, the defendant declined to receive because the proper freight charges had not been tendered with said shipments. Plaintiff contended that under the published tariffs the shipments came under the classification which called for lumber rates and tendered such rates. The defendant, on the other hand, contended that a different and higher rate was applicable

to said shipments. Both parties had the benefit of legal counsel and expert advice. The defendant elected to stand upon its interpretation of the tariffs and declined the shipments in the face of the penalty statute, and the decisions which hold (1) that ambiguous tariffs are to be construed favorably to shippers (*So. Pac. Co. v. Lathrop,* 15 Fed. (2d), 486); and (2) that where two descriptions and tariffs are equally appropriate, the shipper is entitled to the one specifying the lower rate. *U. S. v. Gulf Ref. Co.,* 268 U. S., 542. The defendant, therefore, is in no position to complain if it must pay for an error in judgment deliberately made.

Affirmed.