MELVIN WILLIAMSON v. M. D. SPIVEY.

(Filed 10 May, 1944.)

1. Boundaries § 7: Reference §§ 4a, 12—

    In a proceeding to establish the dividing line between two adjoining landowners, where the original papers had been lost and substituted

pleadings filed and reference made, apparently without objection, the report of the referees reciting that the reference was for finding the true dividing line and the trial court finding the report of the referees to be in compliance with their appointment to determine the matters at issue, motion of plaintiff to remand to the clerk, on the averment that the reference was simply to locate the "agreed line," was properly overruled, and, after hearing and overruling exceptions to the report, there was no error in a judgment confirming same.

**2. Judgments § 30—**

The principle of *omnia rite acta praesumuntur* and *prima facie* presumption of rightful jurisdiction arise from the fact that a court of general jurisdiction has acted upon a matter.

**3. Reference §§ 4a, 12: Appeal and Error § 37e—**

On a reference without objection, the findings of the referee, when approved by the trial court, are conclusive on appeal, unless there be no evidence to support them or some error of law has been committed in the hearing of the cause.

BARNHILL, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Burney, J.,* at October Term, 1943, of COLUMBUS.

Special proceeding to establish dividing line between adjoining landowners.

It appears that summons was issued and petition duly filed 15 November, 1934; that referees were appointed at the August Term, 1936, a majority of whom filed their report 1 October, 1941; that the original papers have been lost; that order was entered at the July Term, 1942, permitting "substitute pleadings," which have been filed, and that order was entered by Judge Leo Carr at the December Term, 1942, adjudging "that the Report of the Referees heretofore appointed by the court to determine the matters at issue in this cause, complies with said orders and is the Report of said orders and is the Report of said Referees . . . and the plaintiff, through counsel, having no objection to said finding, the court in its discretion allows the plaintiff until Monday, December 7, 1942, to file any exceptions to said report he may be advised are proper."

Thereafter the plaintiff lodged motion to remand to the clerk with direction that he proceed as in special proceedings to establish the disputed boundary line. Overruled; exception.

Exceptions were thereupon filed to the report of the referees, which were heard and overruled at the October Term, 1943.

From judgmnt confirming the report of the referees, the plaintiff appeals, assigning errors.

*Varser, McIntyre & Henry for plaintiff, appellant.*
*No counsel appearing for defendant.*

STACY, C. J.   The motion of the plaintiff to remand to the clerk perhaps would have been allowed, but for the order entered at the December Term, 1942, finding the report of the referees to be in compliance with their appointment, "to determine the matters at issue," and this finding was made without objection on the part of the plaintiff.   It is recited in the report that the cause was referred to the referees "for the purpose of finding the true dividing line between the lands of the plaintiff . . . and the lands of the defendant."   McIntosh on Procedure, 563.   True, the plaintiff avers the reference was simply to locate the "agreed line," but the report indicates a different understanding on the part of a majority of the referees, which was confirmed by Judge Carr without objection.

In addition, the defendant is entitled to call to his aid the principle of *omnia rite acta praesumuntur* and the *prima facie* presumption of rightful jurisdiction which arises from the fact that a court of general jurisdiction has acted in the matter.   *S. v. Adams,* 213 N. C., 243, 195 S. E., 822; *Graham v. Floyd,* 214 N. C., 77, 197 S. E., 873; *Keen v. Parker,* 217 N. C., 378, 8 S. E. (2d), 209.   *Cf. Beck v. Bottling Co.,* 216 N. C., 579, 5 S. E. (2d), 855.

The exceptions to the report of the referees present no serious difficulty.   They are without substantial merit.   The reference, as well as its composition, appears to have been made without "objection on the part of either the plaintiff or the defendant."   G. S., 1-189; McIntosh on Procedure, 570.   Hence, the findings of the referees, approved as they are by the trial court, are conclusive on appeal, unless there be no evidence to support them or some error of law has been committed in the hearing of the cause.   *Wilson v. Allsbrook,* 205 N. C., 597, 172 S. E., 217; *Corbett v. R. R.,* 205 N. C., 85, 170 S. E., 129; *Thompson v. Smith,* 156 N. C., 345, 72 S. E., 379 (opinion by *Walker, J.,* pointing out the difference between the duties of the trial court, *Anderson v. McRae,* 211 N. C., 197, 189 S. E., 639, and the appellate court in dealing with exceptions to reports of referees).

As no reversible error has been made to appear, the result will be upheld.

Affirmed.

BARNHILL, J., took no part in the consideration or decision of this case.