Nash, J.
 

 The bill charges, that the plaintiff borrowed from the defendant fifty dollars, and, as a security for its payment, he mortgaged to him a negro girl named Ailsey. The mortgage deed was drawn by Harshaw, and read over to the plaintiff by him, and the consideration mentioned as read was fifty dollars,¡^and the bill avers, that the plaintiff never did read over the deed before executing it, being old and infirm, and that be never did receive but fifty dollars from the defendant. It charges, that, after it was recorded, he was induced to examine it, and found that, instead of fifty dollars, the consideration is for five hundred and fifty dollars, and prays for the redemption of the negro upon paying fifty dollars and the interest. The answer states, that the plaintiff applied to the defendant for the loan of five or six hundred dollars, but got but five hundred and fifty, and avers, that amount was loaned him ; that the girl Ailsey was mortgaged to secure that amount; admits that the defendant drew the mortgage, but avers that he drew it according to the contract, and that it was deliberately read over to the plaintiff by the defendant and then handed to the former, who, himself read it over and said it was all right. We have carefully looked over the evidence in the cause, and are constrained to say, that the' plaintiff’s proofs do not so sustain the allegations of his
 
 *309
 
 bill, as to authorise the Court to make such a declaration, as he requires. There were three witnesses to the mortgage deed, one is dead, the depositions of the other two have been taken, they both prove that the defendant read over the deed to the plaintiff, and that he then handed it to the latter, when one of them swears he read it over, and the other, that he looked at it and signed it, and the son of the plaintiff swears, that the deed was read over to the plaintiff, and the consideration mentioned was fifty dollars. It is further in evidence, that the plaintiff can write, and it is not in the bill denied but that he can read writing. Upon the whole, however much we may be led to suspect the truth of the defence, we cannot'feel justified in declaring that a fraud was practiced on the plaintiff. When parties reduce a contract to writing, the instrument is strong evidence that what it speaks is the truth, nor can that conclusion be repelled by any evidence, which is not clear and cogent.
 

 Such is not the evidence on the part of the plaintiff' in this case. The bill is to redeem the negro Ailsey, upon the payment of fifty dollars with legal interest thereon. But the plaintiff has failed to establish, that the money borrowed was less than the amount stated in the written contract, to wit: $550. He is entitled to redeem the negro Ailsey, upon the payment of that sum, with interest thereon, and to that end, to have the usual accounts at his election, and if he fail to have such accounts before the next Court that the bill be dismissed. Let it be declared accordingly.
 

 PfiE CURIAM. Decree accordingly.