## MAUNEY v. HAMILTON.

### (Filed April 14, 1903.)

1. PLEADINGS—*Time to Plead—Answer—Trial Judge—Discretion—The Code, Sec. 273.*

   It is discretionary with the trial court to allow the defendant to file an answer at the trial term.

2. EVIDENCE—*Incompetent—Withdrawal from the Jury—Instructions.*

   The erroneous admission of evidence is cured by its withdrawal from the jury.

3. EVIDENCE—*Judgments—Executions—Insolvency — Fraudulent Conveyances.*

   In an action to set aside a fraudulent conveyance, a judgment and a return of execution thereon unsatisfied is strong but not conclusive evidence of insolvency.

ACTION by V. Mauney against E. B. Hamilton and others, heard by Judge *Walter H. Neal* and a jury, at December Term, 1902, of the Superior Court of STANLY County. From a judgment for the defendants the plaintiff appeals.

*Montgomery & Crowell,* for the plaintiff.

*J. M. Brown, Adams, Jerome & Armfield* and *R. E. Austin,* for the defendants.

PLAINTIFF'S APPEAL.

CONNOR, J.   The plaintiff alleged that the defendant E. B. Hamilton was indebted to him in the sum of $180.00 and interest; that said indebtedness had been reduced to judgment which was duly docketed in the Superior Court of Stanly County, January 6, 1896; that prior to said date the defendant E. B. Hamilton, for the purpose and with the intent to defraud him, conveyed to his wife, the defendant Mary E., a lot in the town of Albemarle and a tract of land in Stanly County containing 40 acres; that thereafter the defendants C. B. and N. F. Little, with notice of said fraudulent intent and purpose in the execution of said deed, purchased the town lot from the *feme* defendant.   The plaintiff demanded judgment that said deed be set aside and that said real estate be subjected to the payment of his judgment.

The defendants E. B. Hamilton and wife denied the fraudulent intent and purpose in the execution of the deed, and averred that the same was made upon a full and fair consideration.   They also denied that E. B. Hamilton was indebted to the plaintiff.   The other defendants denied any knowledge of the fraudulent intent and purpose in the execution of said deed, and alleged that they purchased said land for full value and without notice of any vitiating element in said deed or the execution thereof.

When the case was called for trial the defendant M. F. Little had filed no answer, and the plaintiff moved for judgment against him for the want of an answer.   The motion was denied, and the judge in the exercise of his discretion permitted the defendant to file an answer, and the plaintiff excepted.

It was entirely within the discretion of the judge to permit the defendant Little to file an answer. In view of his relation to the controversy, no judgment could have been rendered against him until the preliminary issues between the plaintiff and the other defendants had been settled. It would have been manifestly improper to render judgment against him at that stage of the proceedings. The wisdom of his Honor's course was vindicated by the finding of the jury upon the second issue. The exception cannot be sustained. Clark's Code, Sec. 273.

The court submitted the following issues:

1. Is E. B. Hamilton indebted to V. Mauney the plaintiff as alleged in the complaint?

2. Did E. B. Hamilton make the deed set out in the complaint to his wife to delay, defeat or defraud the plaintiff?

3. Did the defendant Mary E. Hamilton take the deed from her husband, knowing his intent to hinder, delay or defeat the plaintiff and to prevent the plaintiff from collecting the debt her husband owed him?

4. Did the defendants Little or either of them, take the deed from E. B. Hamilton and his wife Mary E. with notice of the fraudulent intent of Hamilton and his wife?

The plaintiff introduced the judgment docket of the Superior Court showing judgment in his favor against E. B. Hamilton, dated Dec. 14, 1895 and docketed January 1, 1896, which was unsatisfied, and under which the defendant Hamilton's homestead and personal property exemption had been allotted. The plaintiff also introduced a deed from E. B Hamilton to his wife dated August 13, 1895, and a deed from Hamilton and wife to Little, dated May 6, 1896. He also introduced evidence tending to show that Hamilton was insolvent at the time he conveyed the land to his wife. He also introduced a witness who testified that a few days after Little had purchased the land from Hamilton's wife,

he told him (Little) that Mauney had a judgment against Hamilton which was unsatisfied and Little replied that there was $100.00 of the purchase money unpaid, and that he would hold that back.

The defendant offered a deed from V. Mauney to I. W. Snuggs, dated January 1, 1898, conveying certain land which had been conveyed to Mauney as trustee by the defendant Hamilton. The plaintiff objected, the objection was overruled and the plaintiff excepted.

The defendant offered to prove by one Austin the present value of the land conveyed to Mauney as trustee. The plaintiff objected, the objection was overruled and the plaintiff excepted.

The deed from the plaintiff to Snuggs had no bearing upon the issues being tried upon this appeal, nor did the testimony, as to the value of the land conveyed by the deed from Hamilton to the plaintiff trustee, and this testimony was expressly withdrawn from the consideration of the jury by his Honor in the charge. As will be seen in the disposition of the defendant's appeal, this testimony would have been relevant upon the defendant's equitable counterclaim. The action of the court in withdrawing the deed and testimony cured any error in its admission. We cannot perceive how, in view of the charge of his Honor, it could have been prejudicial to the plaintiff. The exception cannot be sustained.

The plaintiff in apt time requested his Honor to charge the jury that the proof—that judgment has been obtained against the defendant Hamilton and execution was issued and placed in the hands of the sheriff, who laid off the homestead and no surplus was found belonging to the defendant with which to satisfy the plaintiff's debt—shows that the defendant at the time he made the deed to his wife was insolvent "and I charge you, if you believe the evidence of the plaintiff on the question of insolvency, you will find that the defendant

Hamilton was insolvent at the time he made the deed to his wife."

In lieu thereof, the court instructed the jury as follows: "The proof that judgment has been obtained against the defendant Hamilton and execution has issued and was placed in the hands of the sheriff, who with appraisers allotted the homestead and no surplus was found belonging to the defendant with which to satisfy the plaintiff's debt—is very strong evidence tending to prove that the defendant at the time he made the deed to his wife was insolvent, but it is not conclusive, and it is the duty of the jury in passing upon the question of insolvency to take into consideration all the evidence which has been introduced tending to show his real financial condition." The defendant excepted.

We think that his Honor's instruction was a correct statement of the law in respect to the weight to be given to the judgment and the return of execution unsatisfied. As his Honor very properly said to the jury, this testimony is very strong evidence of the fact sought to be proved, and in the absence of any further testimony would have fully justified the jury in finding the fact as contended by the plaintiff, but it was not conclusive evidence. The exception must be overruled.

The other prayers for instruction were directed to the fourth issue in regard to the purchase by the defendant Little, and as the jury found the second issue in the negative they were not called upon to settle the fourth issue. It is therefore unnecessary for us to consider the exceptions in regard to the sufficiency of the evidence as tending to fix Little with notice of the condition of the defendant and the circumstances under which he purchased.

We do not find any error in the record, and the judgment upon the plaintiff's appeal must be

Affirmed.