## M. P. HUBBARD & CO. v. J. A. GOODWIN.

### (Filed March 6, 1918.)

**1. Vendor and Purchaser—Warranty—Breach—Voluntary Rebate—Instructions—Appeal and Error—Harmless Error.**

Where defendant sets up breach of warranty as a counterclaim in an action on notes he had given for fertilizer, which he had sold to others, he may not recover for a voluntary rebate he had made, which he was not compelled to give; and were it otherwise, a charge to that effect is harmless when there is no evidence that such rebate was actually allowed his customer by him.

**2. Vendor and Purchaser—Warranty—Breach—Fertilizer—Damages—Instructions.**

Where a vendor of fertilizer allows a customer a reduction in price on account of grade inferior to that of warranty to himself by his vendor, an instruction is not erroneous that, to establish such as a counterclaim in the manufacturer's action for the purchase price, the jury should "find by clear and satisfactory evidence," that the warranty of the plaintiff was identical with that made by the defendant as to quality and results, of the adaptability of the land to the crops, proper tillage, and propitious seasons, etc., and the use of the words "clear and satisfactory evidence" was not an expression of opinion forbidden by the statute.

**3. Courts—Intimation of Opinion — Instructions — Statutes — "Strong Evidence."**

In an action to recover the purchase price of fertilizer, evidenced by notes, the defendant set up a counterclaim for damages for breach of warranty, upon which there was uncontradicted evidence that the defendant in giving the notes told the plaintiff that his crops were as good as ever, and solicited the agency for the coming year: *Held,* an instruction from the court, after placing the burden of proof on plaintiff, that the jury may consider, if they so found the facts, this as strong evidence that defendant's counterclaim was not well founded, is not an expression of opinion forbidden by the statute.

CIVIL ACTION, tried before *Whedbee, J.,* at October Term, 1917, of HERTFORD, upon these issues:

1. In what amount is the defendant indebted to the plaintiff on account of the execution of the two notes declared on in the complaint? Answer: "$500.12, with 6 per cent interest from 1 January, 1916, and the further sum of $486.30, with 6 per cent interest from 15 January, 1916." (Answered by consent.)

2. Has there been a breach of the contract of sale of the guano by the plaintiff, as alleged in the answer and counterclaim? Answer: "No."

3. Has defendant Godwin been damaged by said breach, if any, and in what sum? Answer: "Nothing."

From the judgment rendered defendant appealed.

*Winborne & Winborne, and W. W. Rogers for plaintiff.*
*R. C. Bridger, Winston & Matthews, and John E. Vann for defendant.*

BROWN, J. The defendant executed the notes sued on for the purchase of certain guano for use on his own crops and for sale to others. He admits the execution of the notes and pleads a counterclaim alleging that the guano was worthless, did not come up to the representations of plaintiff's agent, and failed to produce crops which the agent guaranteed it would produce. Defendant also avers that he sold some of the guano to others giving guarantees and that he has not been able to collect the price owing to the worthlessness of the guano.

There is much evidence tending to support the contentions of both parties which it is unnecessary to set out.

The four exceptions to the evidence are without merit and need not be discussed.

The defendant excepts to this instruction: "That if you find from the evidence that defendant allowed rebate in the price of the fertilizer sold before he was compelled to do so in law, he cannot recover for that; a mere voluntary abatement in price will not entitle the defendant to recover."

We see no error in this. A voluntary abatement in price by the defendant when he was not compelled to do so would not entitle him to recover on his counterclaim. *Britton v. Ruffin,* 122 N. C., 114; *Reiger v. Worth,* 127 N. C., 233.

Besides, the charge is harmless. The evidence fails to disclose that defendant refunded anything to his purchasers or made rebate to any one in consequence of the defective quality of the guano. There is evidence that defendant stated to some of his purchasers that he would give them the same rebate he received from plaintiffs, but no evidence that he did so.

The defendant excepts to this instruction: "That if you find by the greater weight of the evidence that the defendant sold any of said fertil-

izer to customer and he made reduction in price on account of their complaints that the fertilizer was off in quality, before you can allow defendant any damages for that, you must first find by clear and satisfactory evidence that Godwin made the same warranty as to quality and results as were made by the plaintiff to him, that the land was adapted to the growth of the crops, that the land was properly tilled and cultivated, and that the weather or seasons were propitious, and that the shortage in the crops was due directly to the worthlessness of the fertilizer."

The exception cannot be sustained, first, for the reasons given above that there is no evidence defendant refunded anything or made rebate in price, although there is evidence that he promised to do so, and therefore, the instruction is harmless; second, the words "Clear and satisfactory proof" do not constitute an expression of opinion. All evidence should be clear and satisfactory to the minds and comprehension of jurors. If it is not satisfactory, or its value comprehended by them, they should not act upon it."

The defendant excepts to the following instruction as an unwarranted expression of opinion upon the facts: "That if you find from the greater weight of the evidence that Godwin at the time he gave the notes, stated to the witness Loud, vice-president of the plaintiff, that the guano was good and his crops as fine as he ever had, you may consider this as strong evidence that his counter-claim is not well founded."

The evidence of Loud, vice-president of the plaintiff, was to the effect that defendant, in August, 1915, stated that the guano was all right, that his crops were as good as he ever had, that he wished the witness could see them, and gave his notes for the price of the guano, and applied for the agency to sell the guano to farmers in Eastern North Carolina the next season, etc. This was not denied by defendant.

We do not regard this as an expression of opinion by the trial judge upon the facts submitted to the jury. The issue related to the *bona fides* of defendant's counterclaim. The fact in dispute was the declarations and admissions of defendant to Loud. Upon that the judge expressed no opinion. He left that to the decision of the jury, and put the burden of proof upon plaintiff to satisfy the jury by the clear weight of the evidence that such admissions were made, telling the jury that if they were actually made such fact is strong evidence of a want of merit in the counter-claim.

We see nothing wrong in that. If such declarations were made before the action was commenced and after the crops had matured, and then this counterclaim was pleaded, the conclusion naturally follows that there is no merit in defendant's plea and that it is a mere subterfuge to avoid payment of an honest debt. We find precedents in our reports

where certain testimony, if believed to be true, is declared to be strong evidence of the fact sought to be proved.

In *Mauney v. Hamilton,* 132 N. C., 299, this Court said: "As his Honor very properly said to the jury, this testimony is very strong evidence of the fact sought to be proved." There are other cases in which the expression "strong evidence" is used by this Court. Admissions of a party to an action, when fully established, are always regarded as strong evidence of the facts stated in them.

The written evidence of a contract is strong evidence that it truly embodies the agreement of the parties. *Wiles v. Harshaw,* 43 N. C., 308.

In construing the charge of a trial judge, we will consider the entire charge and not isolated sections.

Taking the instructions of the judge as a whole, they fully, clearly and impartially presented to the jury the contentions of the parties and the law bearing thereon.

No error.