### JOSEPH H. BEAL v. CAROLINA COAL COMPANY.

(Filed 20 December, 1923.)

1. **Employer and Employee — Master and Servant — Negligence — Explosives—Safe Place to Work.**

   The employer is held to the highest degree of care, in the care and custody of dangerous explosives, such as dynamite, in regard to the safety for those employees whose work exposes them to such menace. The employer cannot delegate to another the duty imposed upon him to provide a reasonably safe place for employees to work in performing the duties of their employment, in release of his own liability, the degree of such care to be measured by the dangerous character of the article. The evidence in this case is sufficient for the determination of the jury of the defendant's actionable negligence.

2. **Instructions—Appeal and Error—Objections and Exceptions.**

   An isolated paragraph of the charge of the court will not be held for reversible error, if considered with the other portions of the charge, the jury must have understood the correct principles of law in relation to the evidence.

APPEAL by defendant from *Daniels, J.,* at July Term, 1923, of
CHATHAM.

This is an action for personal injury received while in the employ
of the defendant through the explosion of dynamite caps. The defend-
ant offered no evidence.

On 25 April, 1923, while plaintiff was performing the duties assigned
him by the defendant, an explosion occurred in defendant's mine which
blew off the plaintiff's right arm and which he alleges burst both of
his ear-drums and otherwise injured him in the face and body. The
dynamite and caps, or exploders, which exploded were carried down
into the mine by defendant's foreman. It was his custom to carry
with him into the mine dynamite, caps, and batteries when each shift
went on duty. The custom, manner, and method of defendant in
handling these for a period of 22 or 23 months, as shown in the evi-
dence, was to put them anywhere he saw fit, together in boxes upon the
ground, at different places in the mine. The mine had several sections
or rooms. The evidence is that the defendant did not during the period
above mentioned keep the dynamite, caps and batteries stored in any
certain section of the mine, but placed them wherever it suited his
convenience, regardless of possibility of explosion by coming into con-
tact with the employees.

On the day of the injury to plaintiff, the foreman got out of the
car in which the plaintiff went down in the mine, carrying with him
the dynamite and batteries, and placed them about 12 feet from the
landing where he got out of the car. The plaintiff, while at his post
of duty, saw some batteries sliding off the shelving where he was, and
put out his hand to keep them from falling two or three feet below,
touching the box which contained the batteries, at which time the dyna-
mite exploded. He had not been warned by any one of their presence
or the danger attendant upon the duty to which he had been assigned.
There was no light in the mine except the small light on miner's cap.
The exploders and wire attached to them are very small and not so
easily seen as batteries and dynamite. The jury rendered a verdict in
favor of the plaintiff, and defendant appealed.

*W. P. Horton for plaintiff.*
*Siler & Barbee and Bynum, Hobgood & Alderman for defendant.*

CLARK, C. J. The degree of care required of persons having the pos-
session and control of dangerous explosives, such as dynamite, is of the
highest kind, requiring constant caution in their care and custody. The
degree of care required must be measured by the dangerous character
of the article. *Brittingham v. Stadiem,* 151 N. C., 302; *Wood v.*

*McCabe, ib.,* 458; *McGhee v. R. R.,* 147 N. C., 142; *Haynes v. Gas Co.,* 114 N. C., 203; *Horne v. Power Co.,* 144 N. C., 375; *Witsell v. R. R.,* 120 N. C., 557.

It is true.that dynamite if properly handled is harmless, but if there is negligence most serious results can happen. It was the duty of the plaintiff to use ordinary care to furnish a reasonably safe place for the plaintiff to work. This duty cannot be delegated, and if there is a breach of such duty which is the proximate cause of injury to the employee, the master is liable. An examination of the charge shows that the court correctly instructed the jury as to these matters.

The plaintiff insists, and we think correctly, that the court in its charge properly instructed the jury on these matters taking the whole charge as an entirety, and that an assignment of error predicated upon an isolated paragraph cannot be sustained. *Harris v. Harris,* 178 N. C., 7; *Hubbard v. Goodwin,* 175 N. C., 174; *Monk v. Goldstein,* 172 N. C., 516; *Cockran v. Smith,* 171 N. C., 369.

It was justly said in *Taylor v. Tallassee Power Co.,* 174 N. C., 583, that it is not permissible to select detached portions of the charge for an assignment of error unless it contains distinct and independent propositions not explained or qualified in other parts of the charge.

The manner and method of handling these explosives appears in the evidence and was a matter for the consideration of the jury, and upon consideration of all the evidence and taking the charge as a whole, we cannot see that the defendant has been prejudiced.

No error.