JAMES M. ALLEN et al. v. S. M. McLENDON et al.*

*Motion to Set Aside Fraudulent Mortgage—Judgment Creditors— Evidence—Amendment of Pleading on the Trial.*

1. In an action to foreclose a mortgage, judgment creditors of the mortgagor became parties defendant and attacked the mortgage as fraudulent. An issue submitted by the Judge confined the inquiry as to the fraud to the knowledge of the mortgagee, while one tendered by the plaintiff and refused extended the inquiry to his participation in as well as knowledge of the fraud. In response to another issue the jury found that the debt alleged to be due by the mortgagor to the mortgagee was not *bona fide: Held,* that such finding of the jury renders immaterial an inquiry as to whether the mortgage would have been vitiated simply by notice of fraud on the part of the mortgagor fixed upon the mortgagee.

2. Where, in an action to foreclose a mortgage, judgment creditors of the mortgagor became parties defendant and filed an answer, in the nature of a complaint, setting out their judgments and asking that the mortgage be set aside as fraudulent, the mortgagor made no reply, but plaintiff excepted to the evidence offered to prove such indebtedness: *Held,* that the question of the indebtedness of the mortgagor to the judgment creditors was a matter between them, and did not concern the mortgagee, especially where the jury found that his alleged debt was not *bona fide* and that the mortgage was fraudulent.

*BURWELL, J , did not sit on the hearing of this case.
21

3. On an issue as to the *bona fides* of a mortgage given to secure an alleged pre-existing indebtedness, the tax lists for several years in the county and township in which mortgagee resided were competent to be submitted, not as absolute and convincing evidence, but as *some* evidence that the mortgagee had no solvent credits.

4. It is within the discretion of a trial Judge to permit an amendment of the pleadings on the trial when such amendment does not change the character of the action.

5. In the trial of an issue relating to the *bona fides* of a conveyance, it was proper for the trial Judge to instruct the jury that the law looks with suspicion upon a transaction whereby one indebted to others conveys his property, or a part of it, to a brother-in-law to secure an alleged pre-existing indebtedness, and that it was the duty of the jury to scrutinize the matter closely in considering its validity.

CIVIL ACTION, tried at May Term, 1893, of ANSON Superior Court, before *Whitaker, J.*

The action was brought by James M. Allen against S. H. McLendon and wife for the foreclosure of a mortgage theretofore made by defendants to plaintiffs to secure the payment of a note for $2,040.57 and interest. A complaint was filed at the return term, and for want of an answer judgment final by default was rendered at the same term and a foreclosure sale decreed. At the succeeding term of the Court, W. A. Liles, executor of Nancy McLendon, was allowed to become a party plaintiff, and filed a complaint alleging that defendants had executed another mortgage to this plaintiff's testatrix since the before-mentioned mortgage was made, and asking that his rights under the second mortgage might be protected.

Upon report of sale and affidavits at a subsequent term, the sale was set aside, resale ordered and the Clerk appointed commissioner, who made sale and reported that plaintiff Allen was the last and highest bidder, but being the mortgagee creditor had paid in no money. Pending the motion for confirmation of this sale, a large number of judgment creditors of defendant S. H. McLendon were allowed to come

in and make themselves defendants and filed an answer, duly verified, alleging the indebtedness to them of defendant S. H. McLendon, and further, that in April, 1885, the defendants McLendon and wife conveyed, with other lands, the lands described in the mortgage thereafter made to plaintiff Allen, who was the clerk and brother-in-law of S. H. McLendon, and that said Allen, by deed in May, 1885, conveyed to his sister, the *feme* defendant L. A. McLendon, all of said lands; and they alleged that all of said conveyances, including the mortgage made by said McLendon and wife to said Allen, were fraudulent and void as to the said creditors, and that the judgment of foreclosure was obtained by fraud and collusion, and they demanded that the same be cancelled, vacated and set aside. Plaintiff Allen filed his reply, denying all fraud or collusion, admitting the conveyances and mortgage, and alleging that the same were *bona fide* and for valuable consideration, and denying all knowledge or information as to the judgments alleged by defendants. McLendon and wife filed no reply. A receiver was appointed.

At said May Term, 1893, the following issues were submitted to the jury, and responded to as follows:

1. Was the mortgage by S. H. McLendon and wife to James M. Allen executed with intent to fraudulently hinder or delay the creditors of S. H. McLendon? Answer: "Yes."

2. If yes, did the plaintiffs have knowledge of such fraudulent intent? Answer: "Yes."

3. Was the alleged indebtedness to plaintiff, or any part thereof, *bona fide;* if so, what part? Answer: "No part."

4. Was the defendant S. H. McLendon indebted to defendants as alleged in their answer? Answer: "Yes."

Plaintiff Allen moved for a new trial; the motion was denied, and judgment was rendered vacating the former judgment and decree of forclosure, and setting aside and declaring void the deeds and mortgage aforementioned, directing the receiver to sell the lands named in said deeds

and mortgage for cash, and report, and the cause was retained for further directions and the distribution of the proceeds of said sale among the judgment creditor defendants and W. A. Liles, executor, *pro rata*, and for costs.   Only James M. Allen appealed.   The exceptions are stated in the opinion.

*Messrs. Battle & Mordecai*, for plaintiff (appellant).
*Mr. R. E. Little*, for defendants.

MacRAE, J.: The plaintiff Allen tendered the following issues:

"1. Was the mortgage executed by S. H. McLendon and wife to the plaintiff J. M. Allen made to secure a *bona fide* debt to the plaintiff, and has the same, or any part thereof, since been paid ?

"2. Was the said mortgage executed with the intent to defraud the creditors of S. H. McLendon ?

"3. Did the plaintiff know of and participate in such fraud ?"

The first exception was to the submission by the Court of the second issue submitted, and the refusal by the Court to submit the third issue tendered by the plaintiff.

The issue submitted confined the question to the knowledge of the grantee, while that tendered and refused extended the inquiry to a participation in, as well as knowledge of, the fraud.   The rule is that " A mortgage deed executed to secure the payment of money loaned or of a valid pre-existing debt, but also with the intent on the part of the mortgagor to hinder, delay or defraud his creditors, will, nevertheless, be deemed valid and enforced by the Courts as against the claims of creditors other than the mortgagee or *cestui que trust*, unless the beneficiary under the deed had knowledge of and participated in the fraud." *Woodruff* v. *Bowles*, 104 N. C., 197; *Hudson* v. *Jordan*, 108 N. C., 12; *Battle* v. *Mayo*, 102 N. C., 413.   But the response of the jury to the third

issue, that the alleged indebtedness of McLendon to plaintiff Allen was not *bona fide*—in other words, that there was no debt to be secured by the mortgage, and therefore that the conveyance was necessarily fraudulent as to both grantor and grantee—relieves us of the necessity of considering the question whether the mortgage would have been vitiated simply by notice of fraud on the part of the mortgagor fixed upon the mortgagee.

The plaintiff Allen objected and excepted to the evidence offered to prove the judgment indebtedness of S. H. McLendon to the new parties defendant, but that was a matter between defendant McLendon and the other defendants, who had put in a duly verified answer, in the nature of a complaint, charging that they were judgment creditors of said McLendon in the sums set out. He made no reply, and the alleged judgment creditors were entitled to judgment against him as to the indebtedness. Besides, it appears that most of the judgments were proved by the judgment docket, which was proof of the record itself; and if there was irregularity in proof of any of the judgments rendered by Justices of the Peace, it cannot now concern this plaintiff, by reason of the response to the first, second and third issues.

For the purpose of showing that McLendon was not indebted to Allen, it was entirely competent to offer the tax lists for several years in the county and township of said Allen's residence to show that he listed no solvent credits. While this may not have been absolute and convincing proof, it was surely some evidence competent to go to the jury upon the question stated.

J. M. Allen testified that he owned a tract of land in Anson County, worth $250, which he had bought in 1886 on credit. He was then asked by his counsel what other property, if any, he owned outside of the mortgage sued on. Defendants objected. The objection was sustained, and plaintiff Allen excepted. As the testimony is reported, there is no ground on which to base this exception.

Defendant McLendon testified as a witness for plaintiff Allen that he (witness) owned several tracts of land, naming them and their values. Witness was asked on cross-examination if this land or a portion of it had not been allotted to him as his homestead, and at what price. His answer was objected and excepted to. Whatever may have been the object of the question there could be no valid objection to it and the answer, for it was asked and answered upon cross-examination.

The defendants were allowed to amend their answer during the trial by inserting the words "not due" and "illegal," to which plaintiff Allen excepted. This was within the discretion of his Honor, and not subject to review. The amendment did not change the character of the action.

We see no error in the charge of his Honor that the law looks with suspicion upon a transaction of this kind—where the defendant McLendon is indebted to others, and conveys his property or a part thereof to his brother-in-law—that they were required to scrutinize the matter closely in reaching their conclusion as to its validity. The language seems to follow an approved precedent in *Brown* v. *Mitchell*, 102 N. C., 347.

The exceptions—" (2) Because the Court did not put its charge in writing and read it to the jury; (3) Because the Court stated in full the contentions of the defendants, and failed and neglected to state the contention of the plaintiff Allen; and (4) Because the Court failed to charge the jury as requested by plaintiff," are met by the statement in the case that "the plaintiff Allen did not request the Court to put its charge to the jury in writing; the plaintiff Allen did not tender or show to the Court any requests or prayers for instructions to the jury; and the Court in its charge did state to the jury carefully, particularly and fully the contention of the plaintiff Allen as to all the questions embraced by the different issues submitted to them." These findings are binding upon us.

There was also a motion for judgment *non obstante vere-dicto*, but we have not been furnished with the grounds of the motion, and we see nothing in the plea which confesses a cause of action, nor that the matter relied on in defence is insufficient.                                No Error.