FIRST NATIONAL BANK of Lowville, Respondent, *v.* GEORGE D. MOFFATT and Others, Appellants.

*Fraudulent conveyance — when a transfer of property is regarded as a suspicious transaction — equitable relief.*

Upon the trial of an action brought to set aside a conveyance, on the ground that it was fraudulent as to the creditors of the grantor, the law looks with suspicion on a transaction wherein one who is indebted to others conveys his property, or a part of it, to his sons for a pre-existent indebtedness.

Courts of equity have power to grant such relief as the exigencies of the case require.

APPEAL by the defendants, George D. Moffatt and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Lewis on the 31st day of May, 1893, upon a decision of the court rendered after a trial at the Lewis Special Term, and from the whole of said judgment, except that portion adjudging a mortgage held by the defendant Hannibal Smith to be a valid lien upon the premises described in the complaint.

The judgment in this action adjudged that certain deeds executed by the defendant George D. Moffatt and his grantees should be set aside, except as to the defendant Smith, and that the mortgage held by the defendant Smith upon such property was a valid security. It directed, upon the payment to the defendant Smith of the amount due upon his mortgage, and the costs allowed him on redemption, that he should deliver to the plaintiff the mortgage and the notes which the same were given to secure together with an assignment thereof. It was further adjudged that the plaintiff recover of the defendant Charles Moffatt the sum of $300, to be applied on its judgment, and that it recover of the defendant Alvinza Moffatt the sum of $279.22 besides the costs of the action against the defendants George D., Alvinza and Charles Moffatt.

Upon an indebtedness which arose in October, 1886, the plaintiff recovered a judgment December 1, 1891, for $1,747.09. George D. Moffatt when he became indorser in 1886 of the note which is the foundation of the indebtedness held by the plaintiff, was the owner of forty-eight acres of land free from incumbrance, worth about $1,400, and when pressed for a settlement of the indebtedness held by the plaintiff in July, 1889, he executed to his sons a conveyance of the property, which, at the Special Term, was found to be fraudulent, and made with intent to hinder and delay the plaintiff in the collection of its debts.

*Hannibal Smith*, for the appellants.

*Charles S. Mereness*, for the respondent.

HARDIN, P. J.:

Plaintiff, as a judgment creditor of George D. Moffatt after execution returned wholly unsatisfied, brings this action to set aside con-

veyances of land described in the complaint, alleging that the conveyances were fraudulent. The trial court has found as matter of fact that when the debt due the plaintiff was contracted by the debtor in 1886, he was the owner in fee simple of the real estate described in the complaint, being a farm of forty-eight acres, with farm buildings, which the debtor occupied then, and has continued to occupy down to the time of the trial. The value of the property was from $1,200 to $1,400. On the 11th or 12th of July, 1889, an agent of the plaintiff had an interview with the debtor with a view of obtaining payment of the debt due the plaintiff, or a mortgage from the debtor on his farm, and the debtor left his deed of the lands with the agent, and promised to see him again and arrange the matter; instead of doing so he returned from Lowville to his home in Montague, and formed a plan to convey the land to his sons, and in pursuance of that plan returned to Lowville, and had a deed drawn and executed on the 13th of July, 1889, by means of which he conveyed and transferred to his sons all his property. He was careful to disregard the arrangement made with plaintiff's agent, and to keep the knowledge of his conveyances from the agent and from the plaintiff on the occasion of the execution of the deed to his sons. The trial court has found that the deed " was made, executed and delivered by the grantor therein, and accepted by the grantees therein with intent to hinder, delay and defraud the creditors of the said George D. Moffatt, especially the plaintiff in this action." There was evidence tending to support the finding, and as it was a question of fact we are not inclined to disturb the finding, inasmuch as the evidence supports the conclusion reached by the trial court. (*Scofield* v. *Spaulding*, 54 Hun, 527, and cases cited in the opinion; *Partridge* v. *Stokes*, 66 Barb. 586.)

In *Allen* v. *McLendon* (N. C., 18 S. E. Rep. 206) it was said : " It is proper to instruct the jury that the law looks with suspicion on a transaction wherein one indebted to others conveys his property, or a part of it, to a brother-in-law, for an alleged pre-existing indebtedness." We see no reason why the same rule should not obtain where a conveyance is made by a father to his sons.

(2) George D. Moffatt was called and sworn as a witness in behalf of the defendants and gave material evidence upon the vital issues in the case. When the case was under consideration by the trial

judge, he ruled that the evidence of Bush, which had been received and as to which the ruling had been reserved, was admissible, and the defendants have taken an exception to that ruling and now claim that the court erred. We think the ruling was correct. Bush's evidence was admissible for the purpose of contradicting and qualifying the evidence of Moffatt, and it also furnished some evidence of the acts and conduct of Moffatt tending to support the contention of the plaintiff that the conveyance made by him was fraudulent.

In *Wright* v. *Nostrand* (94 N. Y. 41), where a similar question was presented, the court said the " evidence was competent not only for a limited purpose as against him (the debtor) as an admission in the case made by one of the defendants therein, but was also competent at the time it was offered as against all the defendants for the purpose of affecting the credibility of the testimony given by such witness for them on the trial." (See *Scofield* v. *Spaulding*, 54 Hun, 527; *Loos* v. *Wilkinson*, 110 N. Y. 211.) The case of *Vidvard* v. *Powers* (34 Hun, 221) is distinguishable from the case before us. The declaration of Hedden was made *after* the transaction which was involved in the issue, and no conspiracy was " shown or alleged."

In *Petrie* v. *Williams* (68 Hun, 597) the evidence offered of the declarations of Breen was taken subsequent to the transfer of the notes, and it was admitted as against Williams as affirmative proof, the vendor not having been sworn as a witness. The case does not support the contention of the appellants here.

We find nothing upon the appellants' brief submitted to us adverting to or discussing the ruling made at folio 159, when the deposition of Alvinza Moffatt was offered in evidence. Perhaps if we were to follow *Cumings* v. *Morris* (3 Bosw. 578) and *Mayor, etc.*, v. *Hamilton Fire Insurance Co.* (10 id. 538; S. C. affd., 39 N. Y. 45) we might assume that the exception taken to the ruling then made was waived. However, it may be observed that the objection taken to the deposition was " that it is incompetent, being no part of a transaction." It is not improbable that the trial judge was of the opinion that it was not necessary that the deposition, in order to be competent evidence, should be a " part of a transaction," and, therefore, overruled the objection. No request at a later stage

of the case seems to have been made that the deposition be regarded simply as evidence against Alvinza Moffatt and not evidence against the other defendants. After a careful inspection of the testimony found in the deposition, and a comparison of the same with the testimony given by Alvinza Moffatt when upon the stand as a witness, it is not apparent that there was any grave difference between the utterances of the witness when giving the deposition and the utterances of the witness upon the stand. We think the judgment ought not to be disturbed because of the ruling we have been considering.

(3) Courts of equity have power to award such relief as the exigencies of the case require. ( *Valentine* v. *Richardt*, 126 N. Y. 272.) The Special Term did not exceed its jurisdiction and powers in awarding relief, and its judgment should remain.

MERWIN, J., concurred; MARTIN, J., not voting.

Judgment so far as appealed from affirmed, with costs.