FIRST NAT. BANK OF LOWVILLE v. MOFFATT et al.

(Supreme Court, General Term, Fourth Department. May 18, 1894.)

FRAUDULENT CONVEYANCES—DEED TO NEAR RELATIVE.
    The fact that a debtor conveyed his land to his son for an alleged preexisting debt is evidence of an intent to defraud creditors.

Appeal from special term, Lewis county.

Action by the First National Bank of Lowville against George D. Moffatt and others to set aside a conveyance made in fraud of plaintiff, as creditor of George D. Moffatt. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Upon an indebtedness which arose in October, 1886, the plaintiff recovered a judgment December 1, 1891, for $1,747.09. George D. Moffatt, when he became indorser, in 1886, of the note which is the foundation of the indebtedness

held by the plaintiff, was the owner of 48 acres of land, free from incumbrance, worth about $1,400; and, when pressed for a settlement of the indebtedness held by the plaintiff, in July, 1889, he executed to his sons a conveyance of the property, which, at the special term, was found to be fraudulent, and made with intent to hinder and delay the plaintiff in the collection of its debt.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

Hannibal Smith, for appellants.

Charles S. Mereness, for respondent.

HARDIN, P. J.    Plaintiff, as a judgment creditor of George D. Moffatt, after execution returned wholly unsatisfied, brings this action to set aside conveyances of lands described in the complaint, and alleges the conveyances were fraudulent.    The trial court has found as matter of fact that when plaintiff's debt was contracted by the debtor, in 1886, he was the owner in fee simple of the real estate described in the complaint, being a farm of 48 acres, with farm buildings, which the debtor occupied then, and has continued to occupy down to the time of the trial.    The value of the property was from twelve to fourteen hundred dollars.    On the 11th or 12th of July, 1889, an agent of the plaintiff had an interview with the debtor, with a view of obtaining payment of plaintiff's debt, or a mortgage from the debtor on his farm, and the debtor left his deed of the lands with the agent, and promised to see him again, and arrange the matter.    Instead of doing so, he returned from Lowville to his home, in Montague, and formed a plan to convey the land to his sons, and in pursuance of that plan returned to Lowville, and had a deed drawn and executed on the 13th of July, 1889, by means of which he conveyed and transferred to his sons all his property. He was careful to disregard the arrangement made with plaintiff's agent, and to keep the knowledge of his conveyances from the agent and from the plaintiff on the occasion of the execution of the deed to his sons.    The trial court has found that the deed "was made, executed, and delivered by the grantor therein, and accepted by the parties, with intent to hinder, delay, and defraud the creditors of the said George D. Moffatt, especially the plaintiff in this action."    There was evidence tending to support the finding, and, as it was a question of fact, we are not inclined to disturb the finding, inasmuch as the evidence supports the conclusion reached by the trial court. Scofield v. Spaulding, 54 Hun, 527, 7 N. Y. Supp. 927, and cases cited in the opinion; Partridge v. Stokes, 66 Barb. 586.    In Allen v. McLendon (N. C.) 18 S. E. 206, it was said:    "It is proper to instruct the jury that the law looks with suspicion on a transacation wherein one indebted to others conveys his property, or a part of it, to a brother-in-law, for an alleged pre-existing indebtedness."    We see no reason why the same rule should not obtain where a conveyance is made by a father to his sons.

2. George D. Moffatt was called and sworn as a witness in behalf of the defendants, and gave material evidence upon the vital issues in the case.    When the case was under consideration by the trial judge he ruled that the evidence of Bush, which had been received, and as to which the ruling had been reserved, was admissible, and

the defendants have taken an exception to that ruling, and now claim that the court erred. We think the ruling was correct. Bush's evidence was admissible for the purpose of contradicting and qualifying the evidence of Moffatt, and it also furnished some evidence of the acts and conduct of Moffatt tending to support the contention of the plaintiff that the conveyance made by him was fraudulent. In Wright v. Nostrand, 94 N. Y. 41, where a similar question was presented, the court said the "evidence was competent not only for a limited purpose as against him [the debtor] as an admission in the case made by one of the defendants therein, but was also competent, at the time it was offered, as against all the defendants for the purpose of affecting the credibility of the testimony given by such witness for them on the trial." See Scofield v. Spaulding, 54 Hun, 527, 7 N. Y. Supp. 927; Loos v. Wilkinson, 110 N. Y. 211, 18 N. E. 99. The case of Vidvard v. Powers, 34 Hun, 221, is distinguishable from the case before us. The declaration of Hedden was made after the transaction which was involved in the issue, and no conspiracy was "shown or alleged." In Petrie v. Williams, 68 Hun, 597, 23 N. Y. Supp. 237, the evidence offered of the declarations of Breen was taken subsequent to the transfer of the notes, and it was admitted as against Williams as affirmative proof, the vendor not having been sworn as a witness. The case does not support the contention of the appellant here. We find nothing upon the appellants' brief submitted to us adverting to or discussing the ruling made at folio 159, when the deposition of Alvinza Moffatt was offered in evidence. Perhaps, if we were to follow Cumings v. Morris, 3 Bosw. 578, and Mayor, etc., of New York v. Hamilton Fire Ins. Co., 10 Bosw. 538, affirmed 39 N. Y. 45, we might assume that the exception taken to the ruling then made was waived. However, it may be observed that the objection taken to the deposition was "that it is incompetent, being no part of a transaction." It is not improbable that the trial judge was of the opinion that it was not necessary that the deposition, in order to be competent evidence, should be a "part of a transaction," and therefore overruled the objection. No request at a later stage of the case seems to have been made that the deposition be regarded simply as evidence against Alvinza Moffat, and not evidence against the other defendants. After a careful inspection of the testimony found in the deposition, and a comparison of the same with the testimony given by Alvinza Moffatt when upon the stand as a witness, it is not apparent that there was any grave difference between the utterances of the witness when giving the deposition and the utterances of the witness upon the stand. We think the judgment ought not to be disturbed because of the ruling we have been considering.

3. Courts of equity have power to award such relief as the exigencies of the case require. Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255. The special term did not exceed its jurisdiction and powers in awarding relief, and its judgment should remain. Judgment, so far as appealed from, affirmed, with costs.

MERWIN, J., concurs. MARTIN, J., not voting.