L. W. COCHRAN v. J. B. SMITH ET AL.

(Filed 19 April, 1916.)

**1. Instructions—Erroneous in Part—Construed—Bills and Notes—Fraud—Appeal and Error.**

The correctness of a charge by the judge to the jury, free from objection as a whole, is not affected by the fact that a portion thereof, separately considered, is erroneous; and where there is allegation and evidence that a note sued on has been procured by fraud, and the plaintiff is the holder by indorsement, and the judge in effect charges the jury that the burden was upon the plaintiff to prove that the instrument was complete and regular upon its face; that he became the holder before maturity without notice of the infirmity, in good faith for value; that the instrument was in fact regular upon its face, etc., the instruction will not be held as erroneous because a detached portion thereof seemed to put the burden upon the defendant.

**2. Instructions—Requested Prayers—Bills and Notes—Fraud—Evidence.**

In an action upon a note by an indorsee, where fraud in its procurement is alleged, with evidence tending to support the allegation, it is not error for the trial judge to refuse to give special instructions correct in the abstract as to the circumstances and *bona fides* of plaintiff's purchase, the credibility of the evidence, etc., when such were substantially embodied in the general charge; and it is *Held*, the instructions asked in this case were not proper, there being no evidence that plaintiff purchased under such circumstances as would impliedly give him notice of the infirmity, it appearing from the evidence that he had no actual notice thereof.

APPEAL by defendants from *Cline, J.,* at August Term, 1915, of SURRY.

Civil action to recover the amount of a note executed for the purchase price of a stallion.

The plaintiff is the indorsee of the note, and alleges that he purchased the same for full value before maturity and without notice of any defect or infirmity in the note.

The defendants are the makers of the note, and they allege that the note was procured by fraud and that the plaintiff had notice thereof at the time of his purchase of the same.

The jury returned the following verdict:

1. Was the execution of the note sued on procured by the false and fraudulent representations of the payees in the note, as alleged in the answer? Answer: "Yes."

2. Did the plaintiff purchase the said note in good faith before maturity, for a valuable consideration, and without notice of any infirmity in the note or defect in the title of the said Bridges & Flora? Answer: "Yes."

24—171

COCHRAN *v.* SMITH.

3. In what amount, if any, are the defendants indebted to the plaintiff· upon the note sued on? Answer: "$335.34, with interest."

Judgment was entered upon the verdict in favor of the plaintiff, and the defendants excepted and appealed and assigned the following errors, omitting those not relied on:

1. His Honor erred in instructing the jury as follows: "I instruct you as a matter of law, after an inspection of the note here, that it is regular upon its face; second, that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was a fact; third, that he took it in good faith and for value."

2. His Honor erred in instructing the jury: "That unless they find the plaintiff had notice or knowledge that there was a contest about the note when he bought it, that there would be a defense made on the note, he would be a holder in good faith."

3. His Honor erred in refusing to give defendants' prayer for instruction No. 1, as follows: "The court instructs the jury that where fraud in procuring the execution of the note sued on is alleged, and evidence offered tending to sustain it, the circumstances and *bona fides* of plaintiff's purchase are the material questions in the controversy, and both the issues and the credibility of the evidence offered tending to establish the position of either party in reference to it are for the jury."

4. His Honor erred in refusing defendants' prayer for instruction No. 4, which was as follows: "In passing upon the question of whether the plaintiff has shown that he is such a holder in due course, you may consider the circumstances under which the note was obtained by him, the knowledge, if any he had, as to what the note was given for, the circumstances and position of plaintiff when he took the note, his knowledge, if any you find he had, of the character of business conducted by Bridges & Flora, his want of acquaintance with the makers of the note, and all the surrounding facts and circumstances, as you may find from the evidence, throwing or tending to throw light upon the *bona fides* of the transaction."

W. F. *Carter for plaintiff.*
W. L. *Reece and J. H. Folger for defendants.*

ALLEN, J. We would be compelled to order a new trial for error in the instruction to the jury quoted in the first assignment of error if it stood alone, because, there being both allegation and proof of fraud in the execution of the note, the burden was then upon the plaintiff to prove that he was a purchaser for value before maturity and without notice of any defect or infirmity in the note, and this could not be declared as matter of law.

We must, however, consider and pass upon the charge as a whole, and when we do so we find that the quotation is taken from the middle of a paragraph which reads as follows:

"Now, the burden of this issue, I told you, is upon Mr. Cochran to satisfy you of that by the greater weight of the evidence. He must show you that he is what we call a holder in due course. Now, that means he must show you from the evidence that the instrument is complete and regular upon its face. I instruct you as a matter of law, after an inspection of the instrument here, that it is regular upon its face; second, that he became the holder of it before it was overdue and without notice that it had been previously dishonored, if such was a fact; that means by protest or something (this note had not been dishonored) that he became the holder of it, then before it was overdue, that is, before it came due; it came due 1 October, 1912, and he testifies that he became the holder of it 10 November, 1910, two years before it became due; third, that he took it in good faith and for value. He says that he took it in good faith for value, that is, he paid dollar for dollar for it in the trade of some young horses to Bridges & Flora; fourth, at the time it was negotiated to him he had no notice of any infirmity or defect in the title of the person negotiating it."

It is clear when the whole paragraph is read that his Honor charged the jury that the burden of the second issue was upon the plaintiff to prove, first, that the instrument was complete and regular upon its face; second, that he became the holder of it before it was due and without notice that it had been previously dishonored; third, that he took it in good faith for value; fourth, that at the time he bought it he had no notice of any infirmity or defect in the title of the person negotiating it, and that he instructed them as matter of law that the instrument was regular upon its face. That this is the meaning of the charge is shown by the instruction on this issue which he gave to the jury after their retirement, when they came back for further instructions, as follows:

"I instruct you, on the second issue, if you come to it, that the burden of this issue is upon the plaintiff, Mr. Cochran; and if he satisfies you by the greater weight of the evidence that he bought this note in good faith from those men out there at Crawfordsville, Ind., before it was due, paid value for it, and had no notice of any defect or infirmity about it, no notice of any claim that these defendants were making at the time —I say no notice at the time or prior to that time of any claim that they were making; that they intended to contest the note and refused to pay it, and set up a defense to it, or no notice of anything that would put him upon guard about it; if it was a straight, fair, open, aboveboard transaction, he was acting in good faith, and took the note for value, before maturity, and without notice of any claim of theirs, that the note

was falsely procured, and they were going to refuse to pay it, then your duty would be to answer this second issue 'Yes'; otherwise, 'No.' "

We, therefore, conclude that the first assignment of error cannot be sustained.

The second assignment of error is subject to the same objection, as it does not state all that his Honor charged upon the question of notice, and in this respect the charge is free from objection.

The principles contained in the instruction prayed for in the third and fourth assignments of error are in the abstract sound, but they were substantially embodied in the charge; and if they had not been referred to, it would not constitute reversible error, because upon a careful examination of the record we find nothing tending to show bad faith on the part of the plaintiff or that he had notice of any defect in the note which he purchased.

The plaintiff was a witness in his own behalf, and testified that he had paid full value for the note, before it was due, and that he had no notice of the claims of the defendants that it had been procured by fraud; that he required the payees in the note to indorse it, and that they were at that time solvent; that he also made inquiry at the banks as to the solvency of the makers of the note; that afterwards the payees became insolvent, and for that reason he was prosecuting his action against the makers of the note, and he offered evidence that he was a man of good character.

The only circumstances which the defendants refer to in their brief tending to throw suspicion on the purchase of the note by the plaintiff is that he lived in the same town with the payees; that he was well acquainted with them; that he knew they were engaged in buying and selling horses, and that he admitted that he supposed the note was executed for the purchase of a horse; and these circumstances are not sufficient to sustain a verdict in favor of the defendants upon the second issue.   There is

No error.