This is an action to set aside a deed executed by Anne Coward to her daughter, upon the ground of want of mental capacity and undue influence.
The jury returned the following verdict:
1. Did Mrs. Martha Ann Coward, on 12 September, 1913, have sufficient mental capacity to execute deed set out in pleadings? Answer: "Yes."
2. Was the execution of the deed from Martha Ann Coward to Nancy Manly procured by the exercise of undue influence upon the part of the defendant? Answer: "No."
3. What is the annual rental value of said land? Answer: — — .
There was a judgment in favor of the defendant, and the plaintiffs excepted and appealed.
All of the exceptions that are considered in the briefs are to the charge of the court. Two of these bear upon the question of undue influence, but as we find no evidence of undue influence in the record, it is not necessary to consider them.
The other exceptions are to the failure of the court to state certain contentions of the plaintiffs, but upon an examination of the charge we find that while some particular view may not have been presented, (717) the charge taken as a whole is fair to both parties and directed the attention of the jury to all of the material positions *Page 773 
taken by the plaintiffs and the defendant, and reasonably arising upon the evidence.
We see no reason for disturbing the verdict.
No error.
Cited: Michaux v. Rubber Co., 190 N.C. 619.