O. T. FOWLER AND L. L. MARION v. MRS. EMMA APPERSON AND
R. R. SAUNDERS.

(Filed 17 November, 1920.)

1. **Evidence—Questions for Jury—Compromise.**

   Where the defendant resists recovery on a promissory note given in part payment of an exchange of personal property, for fraud in the transaction, transferred to plaintiff for value after maturity, evidence that the original parties had afterwards agreed to exchange with each other the property each had received is evidence of ratification, which, with the other evidence in this case, presents a question of fact for the jury to determine.

2. **Instructions—Verbal Requests—Substance.**

   The consideration of whether the appellant had the right to have an instruction, orally requested, submitted to the jury, under the circumstances of this case on appeal, becomes immaterial when it appears from the instructions given, he had received the full benefit of this request.

3. **Issues—Material Facts—Separate Issues.**

   There is no reversible error in submitting essential part of a transaction, involved in the controversy, on a separate issue to the jury, when the trial is otherwise free from error.

APPEAL by defendant Saunders from *Ray, J.,* at April Term, 1920, of SURRY.

The plaintiffs brought this action against Emma Apperson and R. R. Saunders to recover judgment on a note of $210, executed by Emma

Apperson, payable to R. R. Saunders and endorsed by R. R. Saunders, after maturity, to the plaintiffs. The defendant, Emma Apperson, filed her answer, alleging fraud, among other defenses, on the part of her co-defendant, R. R. Saunders.

The defendant, R. R. Saunders, filed his answer admitting his lia-bility to the plaintiff as endorser of said note, but denying the allegations of fraud and other defenses of his codefendant, Emma Apperson.

Upon the evidence, and under the charge of the court, the following verdict was rendered, which will definitely show the nature of the case:

"1. Did defendant, Emma Apperson, execute the note and mortgage sued on? Answer: 'Yes.'

"2. Was the execution of the note by Emma Apperson procured by the false warranty of R. R. Saunders, as alleged? Answer: 'Yes.'

"3. If said note and mortgage were procured by false warranty, as alleged, what damages has Emma Apperson sustained thereby? Answer: '$120.'

"4. In what amount is Emma Apperson indebted to plaintiff? Answer: '$90.'

"5. In what amount is R. R. Saunders indebted to plaintiff, if any? Answer: '$210, and interest from 6 November, 1913.'

"6. What was the value of the young horse at the time of its replevy by defendant, Emma Apperson? Answer: '$200.'

"7. What was the value of the old horse at the time of its replevy by said Emma Apperson? Answer: '$40.'

"8. Did R. R. Saunders agree to take back the horses, as alleged? Answer: 'Yes.

"9. What was the value of the old horse at the time of its purchase by Emma Apperson? Answer: '$40.'

"10. What was the value of the yoke of oxen traded to R. R. Saunders? Answer: '$150.'

"11. What was the value of the young horse at the time of its purchase by Emma Apperson? Answer: '$200.'

"12. Was the Emma Apperson note and mortgage assigned to Fowler & Marion before maturity? Answer: 'No.'"

Upon the verdict the court rendered the following judgment:

"This cause coming on to be heard upon issues submitted to and answered by the jury, before his Honor, J. Bis Ray, it is now ordered and adjudged:

"1. That plaintiff recover of Emma Apperson $90, with interest thereon from 6 November, 1913, till paid, and the court costs and cost of plaintiff's witness, B. N. Whitaker. That said judgment is a lien upon the property described in the complaint, and that said property be sold to pay same, as provided by the terms of the mortgage, unless

said Emma Apperson shall pay said judgment without sale, and in event the property, or any part thereof, be not surrendered as required for sale; that plaintiff recover of Emma Apperson's bondsman, J. M. Dinkins, the value of said property, at the time of its replevy, but not in excess of the judgment herein against said Emma Apperson, with the adjudged cost.

"2. That plaintiffs recover of R. R. Saunders $210, with interest from 6 November, 1913, until paid, and that R. R. Saunders pay the cost of the other witnesses of plaintiff, from which amount of $210 and interest is to be deducted the amount paid by Emma Apperson as herein adjudged, that is, $90, with interest.

"3. That upon Emma Apperson's payment of the $90 and interest and cost adjudged against her, the mortgage and note be surrendered and canceled."

The defendant Saunders appealed.

*W. R. Badgett for plaintiffs.*
*W. L. Reese for defendant Saunders.*
*O. E. Snow and J. H. Fogler for defendant Apperson.*

PER CURIAM. We have considered this case with careful regard for the rights of the parties and the law applicable to the findings of fact. The case substantially involved only questions of fact, and the verdict was fully warranted by the evidence. The charge of the judge is free from error.

1. The first assignment of error must be disallowed, because the question as to the ratification of the contract, which the defendant, Mrs. Apperson, had attacked for fraud, was one for the jury under the circumstances of this case. There was evidence tending to show that R. R. Saunders had agreed to take the horse back and give up the oxen, in other words, to cancel the bargain, and this, with other evidence bearing on the question, was peculiarly for the jury to consider and pass upon.

2. The oral request for an instruction, if properly submitted, as to Saunders' knowledge of the horse's age, was substantially given by the court, and Saunders had the full benefit of his prayer in the charge.

3. This prayer was properly explained to the jury, and we can see no material harm in it. The whole matter was stated with accuracy by his Honor, and there was nothing to mislead the jury.

4. Issue No. 10 related to a matter which was an essential part of the whole transaction, and there could be no harm done in submitting it to the jury, in order for them to find all of the facts; and the same may be said of issue No. 11, which is the subject of the 5th assignment of error.

5. The other assignment is merely formal. Neither defendant has any ground of complaint. The case was correctly tried and decided.

No error.