THOMAS J. MITCHELL v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 15 March, 1922.)

**1. Statutes—Amendments—Interpretation.**

The language of a statute, or of an amendment thereto, is presumed to have some meaning, and will be so construed in permissible instances.

**2. Same—Carriers of Goods—Penalties—Transportation—Delivery—Negligence.**

The penalty imposed upon a carrier for unreasonable delay in transportation of goods, was judicially determined not to apply to delivery under the provisions of Revisal (1905), sec. 2632, and hence a subsequent

amendment by the Laws of 1907, that such delay shall not be construed as referring to delay in starting the shipment, but shall apply also to "its delivery at its destination within the time specified," with the further provision that the carrier shall be relieved from the penalty if it is established to the satisfaction of the justice of the peace or the jury, that the delay was incident to causes that could not be foreseen in the exercise of ordinary care: *Held,* C. S., 3516, in which these statutes are brought forward, extends the penalty to cases of negligent default in the carrier's making delivery of the freight to the consignee.

**3. Same—Evidence—Questions for Jury—Nonsuit—Trials.**

In an action for the penalty prescribed for the unreasonable transmission and delay in the delivery of goods by the carrier, there was evidence that a shipment of various articles was transported by the carrier to destination, and all were received by the consignee, except one of them, which was missing, and remained in the carrier's warehouse beyond the statutory reasonable time: *Held,* sufficient upon the question of the carrier's liability for the penalty, and a motion as of nonsuit, and a prayer for instruction directing a verdict on the evidence for defendant, were properly refused. *Wall v. R. R.,* 147 N. C., 407, cited and distinguished.

APPEAL by the defendant from *Lyon, J.,* at the November Term, 1921, of CRAVEN.

Civil action, tried on appeal from a justice's court. The action is to recover a statutory penalty for negligent delay in the transportation and delivery of freight under C. S., 3516. There was denial of liability, and the cause submitted to the jury on the issue as to unreasonable delay; and, second, the amount recoverable for same, etc.

The plaintiff testified as follows: "That under the bill of lading of 13 April, 1920, the two boxes of clipping machines, one box of hardware, and ten packages of cart rims and five bundles of cart spokes were shipped from the N. Jacobi Hardware Company; that on 15 April, 1920, he was notified by the usual postal card notice that all the property covered by said bill of lading was in New Bern, and that on or about 16 April he received from the defendant all the property covered by the said bill of lading, except one box of clipping machines, the same marked short as per plaintiff's bill attached.

"He further testified that he would not have received the notice unless the freight had been in New Bern at the time. That when the other property covered by the bill of lading was delivered to him, or to his drayman, that one box of clipping machines was not delivered; that on 8 June the missing box of clipping machines was found in the Atlantic Coast Line warehouse in New Bern, and was delivered to him. The plaintiff offered the bill of lading dated 13 April, 1920, and the freight bill dated 15 April." The bill of lading was introduced, showing an entire shipment, including the missing box.

At the conclusion of plaintiff's testimony there was motion for nonsuit, overruled, and exception.

Second, defendant then offered a prayer for instruction as follows: "That if the plaintiff was notified on 15 April that the shipment had reached New Bern, and the jury find that the box that was not delivered was in the warehouse at the time and not delivered to plaintiff until 8 June, that the defendant has transported the same in reasonable time, and they should answer the first issue. 'No.' " Prayer refused, and defendant excepts.

There was verdict for plaintiff, and assessing his damages for delay at $39, amount allowed by the statute. Judgment, and defendant appealed, assigning errors.

*W. D. McIver for plaintiff.*
*W. A. Towns and Moore & Dunn for defendant.*

HOKE, J. Under the statute as it formerly prevailed, Revisal of 1905, sec. 2632, a penalty was imposed for unreasonable delay in the *transportation* of goods. Construing the statute in *Alexander v. R. R.,* 144 N. C., 93, the Court held that the term "transportation" did not include a delivery to consignee at the point of destination, and if goods shipped by a carrier had been properly placed at the point of destination, no penalty was incurred under the law for a negligent delay in delivery from the car or warehouse of the company. Subsequent to the facts presented in that case, the Legislature amended the statute (Revisal 1905, sec. 2632), and in ch. 461, Laws of 1907, provided: "That the act imposing a penalty for delay in the transportation of freight shall not be construed as referring only to delay in starting the goods from the station where received, but, in addition thereto, shall be construed to require delivery at its destination within the time specified." And with the provision, "That if the delay be incident to causes which could not have been foreseen in the exercise of ordinary care, and which were unavoidable, and these facts are established to the satisfaction of the justice of the peace or jury trying the cause, the defendant company shall be relieved from the penalty," etc. An amendment which has been included in C. S., 3516, and being part of the section on which the present action is instituted.

A statute or amendment formally passed is presumed and if permissible should be construed so as to have some meaning, and unless the amendment referred to is intended to extend the penalty to cases of negligent default in making delivery of freight to the consignee, it will be entirely without significance. This assuredly is the permissible and

reasonable construction of the law, and we are of opinion that his Honor made correct decision in denying defendant's prayer for instructions.

There is nothing in *Wall v. R. R.*, 147 N. C., 407, that in any way militates against this interpretation of the statute. In that case the company was contending that the penal statute ceased to apply when it had placed the shipment, a carload lot, in the company's yards at Winston-Salem, the point of destination. In disallowing the position, the Court said the statute continued to apply until the goods were in the company's warehouse, and notice duly given. There was nothing to call the Court's attention to the effect of the amendment so recently made, and as a matter of fact, this amendment did not apply to the case as the facts determining liability had taken place and transaction terminated before the amendment to the law was made.

We find no error in the record, and the judgment of the Superior Court is affirmed.

No error.