MADISON WILLIAMS v. ELLIS HEDGEPETH.

(Filed 27 September, 1922.)

**1. Contracts—Fraud—Promises—Intent to Deceive.**

A promissor, not intending to perform his promise to pay for goods or lands, and who receives the goods or lands in consequence, and does not perform his promise, is guilty of such fraud or deceit as will set the contract aside at the suit of the other party to the contract.

**2. Same—Deeds and Conveyances—Fraud—Equity.**

A promise by defendant to perform necessary services to an old and enfeebled man, the plaintiff, which the defendant had not intended to, and which he did not, perform, and in consideration of which he had obtained a deed from the plaintiff to his lands, is evidence of fraud sufficient in equity, if established, to set aside the deed in plaintiff's suit.

**3. Instructions—Fraud—Issues—Evidence—Appeal and Error.**

It is not required of the judge to charge the jury of the full definitions of fraud upon which equity will set aside a deed, the subject of the action, if he instructs them correctly and clearly upon such of the principles as are applicable to the issue under the relevant evidence in the case, and the general charge, as so given, is within the intent and meaning of C. S., 564.

**4. Instructions—Prayers for Instruction—Requests for Instructions—General Charge—Appeal and Error.**

Where the general charge of the court to the jury covers every correct principle applying under the evidence in the case, and of the special prayers, it is not objectionable that the court refused to correct special requests for instructions in the language offered by the appellant.

**5. Deeds and Conveyances—Equity—Fraud—Evidence—Values of Land.**

Where a suit has been brought to set aside plaintiff's deed to land alleged to be void upon the ground of fraudulent promises of the defendant to render continued services to the plaintiff, that he did not intend to perform, of which there is evidence, and the defendant contends, with his evidence, that the consideration was for past services already rendered, testimony in plaintiff's behalf as to the value of the land at the time of the agreement and the value at the time of the trial, is competent, when in confirmation of the plaintiff's position, and tends to impeach or weaken the evidence of the defendant in regard to the value of the services he claims he has rendered.

APPEAL by defendant from *Allen, J.,* at February Term, 1922, of HALIFAX.

Civil action, to set aside a deed for fifty acres of land, made by plaintiff to defendant in November, 1918, on allegations with evidence tending to show that defendant procured the execution of the deed under a promise to render needed personal services to plaintiff, who was an old and enfeebled man, the defendant having the fraudulent intent and purpose at the time not to perform the services after the deed was executed, and which defendant had thereafter failed and refused to perform.

There was denial of any such consideration for the deed on the part of defendant, with allegations to the effect that the deed was executed for the consideration of $200 due defendant for services already performed at the time of the execution of the deed, defendant offering evidence tending to support the averments of the answer. On issues submitted, the jury rendered the following verdict:

"1. Did the defendant procure the deed in controversy by the false and fraudulent representation that he would render to the plaintiff the services alleged in the complaint? Answer: 'Yes.'

"2. Did the defendant fraudulently fail and refuse to render said services to the plaintiff? Answer: 'Yes.'"

Judgment on verdict for plaintiff, and defendant excepted and appealed.

*R. C. Dunn and Travis & Travis for plaintiff.*
*A. Paul Kitchin, Louis B. Meyer, and George C. Green for defendant.*

HOKE, J.   There was ample evidence to support the verdict, the cause was submitted to the jury under a correct and adequate charge, and we find no valid reason for disturbing the results of the trial.   It is established by the great weight of authority, and is held for law in this jurisdiction, that where one under the guise of a purchase acquires the goods or property of another under a promise to pay or perform, and has at the time a settled purpose to do neither, such transaction will be regarded as a fraudulent one on the part of the pretended purchaser, and same may be set aside at the instance of the vendor.   In Benjamin on Sales (7 ed.), at p. 470, the American Annotator states the position as follows: "Another well established species of fraud by a vendee is purchasing with a positive intention not to pay for the goods.   If such intention were known to the vendor he certainly would not sell.   Its suppression, therefore, is a legal fraud," citing, among many other authorities, *Des Farges v. Pugh,* 93 N. C., 31; *Wallace v. Cohen,* 111 N. C., 103; *Donaldson v. Farwell,* 93 U. S., 631; *Stewart v. Emerson,* 52 N. H., 301, presenting an elaborate and learned opinion by *Associate Justice Doe; Watson v. Silsby,* 166 Mass., 57.   And a subsequent case in this State of *Rudisill v. Whitener,* 146 N. C., 403, is an approval of the principle as stated.   And in Bigelow on Fraud, the author says: "That according to the current of authority upon this subject, a debt is created by fraud, where one intending at the outset not to pay for property induces the owner to sell it to him on credit by falsely representing or causing the owner to believe that he intends to pay for it, or by concealing the intent not to pay."

It is urged for error chiefly that the charge of his Honor on the question of fraud was not sufficiently full and explicit to meet the requirements of the statute as to instructions of a trial judge.   C. S., 564.   It may be that his Honor did not refer to all the terms appearing in the general definition of fraud given in some of the cases on the subject, and at times required, as in suits to recover damages for fraud and deceit, but his Honor did better in giving to the jury the law of fraud as applied to the facts of this record, which he did in accord with the principles heretofore stated, and in terms sufficiently full and clear to enable the parties to present, and the jury to intelligently consider, every phase of the evidence pertinent to the issues.   "He shall state in a plain and correct manner the evidence given in the case, and declare and explain the law arising *thereon*" is the language of the statute on the subject.   And the charge of his Honor is in full compliance with the statutory provision.

For the same reason, the exceptions noted for failure to give the special instructions requested by defendant must be overruled.

---
---

To the extent that they are correct, or pertinent, the positions were all covered by the general charge, and in such case a refusal will not be held for reversible error. *Sternburg v. Crohon,* 172 N. C., 731-736; *Cochran v. Smith,* 171 N. C., 369. Nor is there any valid exception to the rulings of the court on questions of evidence. The only one urged upon our attention was to the reception of evidence on part of plaintiff as to the value of the property, the evidence being that at the time of the trade the land was worth $50 per acre, or $2,500, and at the time of trial, $1,250. But these estimates were pertinent facts in confirmation of plaintiff's position, and also as directly tending to impeach or weaken the evidence of defendant on the subject, who claimed and testified that the deed was executed to him in payment for past services to the amount of $200.

There is no reversible error presented in the record, and the judgment for plaintiff on the verdict will be affirmed.

No error.