MARTHA MICHAUX v. PAUL RUBBER COMPANY, M. W. McCONNELL, E. W. McCONNELL AND E. E. BARRINGER.

(Filed 2 December, 1925.)

1. **Trial—Jury—Agreement—Discretion of Court—Appeal and Error.**

   Where a defendant introduces evidence on the trial, his request for the opening and concluding speech to the jury is addressed to the discretion of the trial judge, and his refusal is not appealable. Rule 6, 185 N. C., 808.

2. **Bills and Notes — Negotiable Instruments — Fraud—"Due Course"— Damages—Instructions.**

   Where fraud in the procurement of the note sued on is found, and defendants plead and offer evidence to show that they are innocent holders for value, an instruction upon the measure of damages is not error that makes them dependent upon the answer to this issue.

3. **Instructions—Appeal and Error—Requests.**

   Where correct prayers for special instructions are offered in apt time upon the trial, it is only required that in the general charge they are sufficiently and substantially given by the trial judge.

4. **Same—Issues.**

   A requested instruction that does not fully in all material aspects cover the principles of law applicable to the relative evidence, is properly refused when in his general charge the correct principles applicable to each issue is separately and correctly given.

5. **Same—Statutes—Expression of Opinion.**

   An instruction is properly refused that would in part ignore conflicting evidence upon an issue involved in the trial.

APPEAL by defendant, E. E. Barringer, from BURKE Superior Court. *Stack, J.*

Action by plaintiff to cancel $3,000 note, payable to Paul Rubber Company, execution of which is alleged to have been procured by fraud. Judgment for plaintiff, and defendant Barringer appeals. No error.

The following verdict was rendered:

"1. Was the plaintiff, Martha R. Michaux, induced to execute and deliver the $3,000 note in controversy herein to the Paul Rubber Company by the false and fraudulent representations and assurances of the defendant, the Paul Rubber Company, and its agents, as alleged in the complaint? Answer: Yes.

"2. If so, is the defendant, E. E. Barringer, a holder in due course of the $3,000 note in controversy herein, as alleged in the answer? Answer: No.

"3. In what amount, if any, is the plaintiff indebted to the defendant? Answer: Nothing."

*S. J. Ervin and S. J. Ervin, Jr., for plaintiff.*
*Spainhour & Mull and Avery & Hairfield for defendant.*

VARSER, J. The defendant Barringer assigns error for that he offered to admit in due time that the $3,000 note had been "executed and induced by the false and fraudulent representations of the defendant Paul Rubber Company and its agents," and asked for the opening and conclusion of the argument. The request was denied. This assignment of error is not sustained. Rules of Practice in the Superior Court, 6, 185 N. C., 808.

The defendant introduced evidence in his behalf and therefore did not come within Rule 3, 185 N. C., 807, and the disposition of the question as to who should open and conclude the argument is not reviewable here. *Churchill v. Lee,* 77 N. C., 341; *Johnson v. Maxwell,* 87 N. C., 18; *Cheek v. Watson,* 90 N. C., 302; *Brooks v. Brooks,* 90 N. C., 142; *Austin v. Secrest,* 91 N. C., 214; *Shober v. Wheeler,* 113 N. C., 370; *Banking Co. v. Walker,* 121 N. C., 115; Rules of Practice, 164 N. C., 562, 563; *Lumber Co. v. Elizabeth City,* 181 N. C., 442.

The defendant's third, fourth and fifth assignments of error relate to the charge as to the amount of recovery in favor of defendant. These instructions applied only in the event the jury found he was a holder in due course. The defendant held as collateral security to a debt due him by the Paul Rubber Company, a note called the Johnson note, and he surrendered the Johnson note for the Michaux note and there was a contention on part of the plaintiff, and evidence tending to support it, that the Johnson note was either worthless or of small value. The verdict of the jury on the first and second issues are decisive of this cause. The jury did not answer the third issue, hence there can be no prejudice to this defendant in the challenged instructions and we cannot consider them. *Ginsberg v. Leach,* 111 N. C., 15; *Allen v. McLendon,* 113 N. C., 325; *Stewart v. R. R.,* 136 N. C., 385; *Cannady v. Durham,* 137 N. C., 72; *Hamilton v. Lumber Co.,* 160 N. C., 52; *Beck v. Wilkins-Ricks Co.,* 186 N. C., 215; *Sams v. Cochran,* 188 N. C., 734.

The defendant contends that these instructions necessarily relate to the second issue in so far as value is an essential element in the definition of a holder in due course. An examination of the charge discloses a careful and painstaking and successful effort on the part of the learned trial judge to relate his instructions to each issue separately. The excerpts challenged by these assignments are expressly limited to the third issue, and full and correct instructions are given on the first and second issues. They are as favorable to the defendant as our decisions will permit.

The sixth and seventh assignments of error are to the refusal of the trial court to give certain special instructions aptly and timely requested by defendant.

The requested instruction, upon which the sixth assignment is based, is covered in the charge with much particularity and directness, and the defendant had the full benefit of this principle relating to negotiable instruments held as collateral security. The court was not required to give this instruction in the exact language requested, it was sufficient to give the instruction in other languages equally explicit and clear. *Shaw v. Public Service Corp.*, 168 N. C., 611; *Lewis v. Fountain*, 168 N. C., 277; *Guano Co. v. Mercantile Co.*, 168 N. C., 223; *Zollicoffer v. Zollicoffer*, 168 N. C., 326; *Medlin v. Telegraph Co.*, 169 N. C., 495; *Coward v. Manly*, 173 N. C., 716; *Cochran v. Smith*, 171 N. C., 369; *Mumpower v. R. R.*, 174 N. C., 742; *Talley v. Granite Quarries Co.*, 174 N. C., 445; *Hall v. Giessell*, 179 N. C., 657; *Parker v. R. R.*, 181 N. C., 95; *Fowler v. Apperson*, 180 N. C., 669; *Pusey v. R. R.*, 181 N. C., 137; *Bowman v. Development Co.*, 183 N. C., 162; *Williams v. Hedgpeth*, 184 N. C., 114.

The requested instruction, upon which the seventh assignment of error is based, was properly refused. In order to form the basis of a successful assignment in this Court, the requested instruction must be refused, and not given in the general charge, either in express terms or substantially, must be directed to one of the issues submitted, and must, in its entirety, and in every substantial and integral part thereof, be correct in law. *Savings Bank v. Chase*, 151 N. C., 108, 111; *Bost v. Bost*, 87 N. C., 477; *Ins. Co. v. Sea*, 21 Wallace (U. S.), 158; *S. v. Ledford*, 133 N. C., 714; *S. v. Stewart*, 156 N. C., 636; *Ricks v. Woodard*, 159 N. C., 647; *R. R. v. Mfg. Co.*, 169 N. C., 165, 169; *Quelch v. Futch*, 175 N. C., 694, 695; *Pope v. Pope*, 176 N. C., 283, 286. This rule, with reference to requested instruction, or in objection to the charge of the judge, when such portion of the charge excepted to, or the instruction requested when it contains several propositions, stands upon the same basis as general objection to evidence, consisting of several distinct parts, some of which are competent and some incompetent, and in such case, he who assigns the error must, in the trial court, specify his ground of objection, and must confine it to the incompetent evidence, and, in the case of requested instruction, he must make his request correct in law in every respect, or divide it so that only one proposition of law will be contained in each separate request. When this is done the trial court can be reviewed as to each proposition, otherwise the assignment of error cannot be considered here. *S. v. Ledford, supra; Barnhardt v. Smith*, 86 N. C., 473; *McRae v. Malloy*, 93 N. C., 164; *Smiley v. Pearce*, 98 N. C., 185; *Hammond v. Schiff*, 100 N. C., 161; *S. v. Stanton*, 118 N. C., 1182.

The seventh instruction, if given, would have violated, clearly, the statutory inhibition against an expression of opinion by the trial judge on a question of fact, and the evidence appearing in the record, when viewed in its most favorable light for the plaintiff, is sufficient for the jury to find that Barringer was not without notice of such facts and circumstances as to prevent him from occupying a position of a holder in due course. Upon the second issue this instruction was practically a demurrer to the evidence, and could not be sustained. It contains several propositions of law, and some of them are clearly inapplicable.

We have examined all of the assignments of error and find ourselves unable to sustain any of them. The case has been correctly tried and the contentions of the appellant have been ably presented by his diligent and accomplished counsel and his rights clearly set forth in a correct charge. Therefore, we conclude that there is

No error.