THAD BASS, by His Next Friend, WALTER H. BASS, v. R. HOVAN HOCUTT and Wife, HATTIE PEARL HOCUTT.

(Filed 29 April, 1942.)

1. **Trial § 32—**

   When a party aptly tenders written request for a specific instruction which is correct in itself and supported by the evidence, the failure of the court to give the instruction, in substance at least, is error.

2. **Automobiles §§ 7, 18h—If minor's act in running from behind one car into path of defendant's car is sole cause of injury, he may not recover.**

   Plaintiff, a minor, was attempting to cross a highway from east to west, and was struck by the southbound car driven by the *feme* defendant. De-

fendants requested an instruction, supported by evidence, that if plaintiff suddenly ran out into the highway immediately behind a northbound car, and that this action on his part was the sole proximate cause of the injury, the jury should answer the issue of negligence in the negative. *Held:* The failure of the court to give the instruction either directly, or in substance in any part of the charge, is reversible error.

APPEAL by defendants from *Johnston, Special Judge,* at 5 January, 1942, Extra Term, of MECKLENBURG.

Civil action to recover for injuries allegedly resulting from actionable negligence.

Plaintiff alleges that on 20 January, 1941, while crossing Tuckaseegee Road from east to west, where Enderly Road intersects therewith, under circumstances described, he, a minor six years of age, was struck by an automobile owned by defendant, R. Hovan Hocutt, and used for family purposes, and negligently operated by his wife, defendant Hattie Pearl Hocutt, traveling in southerly direction on Tuckaseegee Road, in the manner specified—proximately resulting in injury to him.

Defendants deny the allegations of negligence and plead contributory negligence of plaintiff as the sole, or a contributing cause of his injury.

Upon the trial below the case was submitted to the jury upon issues as to negligence of defendant, contributory negligence of plaintiff, and damages.

From adverse verdict defendants appeal to Supreme Court, and assign error.

*J. C. Newell for plaintiff, appellee.*
*W. C. Ginter and Robinson & Jones for defendants, appellants.*

WINBORNE, J.   Defendants upon trial below, in apt time, requested the court to charge the jury as follows: "1. If you find as facts from the evidence, and by its greater weight, that as the defendant, Mrs. Hocutt, approached the intersection of Enderly Road and Tuckaseegee Road, the plaintiff suddenly ran out into Tuckaseegee Road immediately behind an automobile passing in the opposite direction, and that this action on the part of the plaintiff was the sole proximate cause of his injury, you should answer the first issue, 'No.' "

We are of opinion that exception to the refusal to so charge is well taken.   *Michaux v. Rubber Co.,* 190 N. C., 617, 130 S. E., 306; *Calhoun v. Highway Com.,* 208 N. C., 424, 181 S. E., 271, and cases cited.   Compare *Newman v. Coach Co.,* 205 N. C., 26, 169 S. E., 808.

The established rule bearing upon the duty of the court with respect to request for instruction is succinctly stated in *Calhoun v. Highway Com., supra,* in this manner: "The prayer being properly presented, in

apt time, and containing a correct legal request, pertinent to the evidence and the issue in the case, it was error to refuse it. *Michaux v. Rubber Co.,* 190 N. C., 617, 130 S. E., 306. The rule of practice is well established in this jurisdiction that when a request is made for a specific instruction, correct in itself and supported by evidence, the trial court, while not obliged to adopt the precise language of the prayer, is nevertheless required to give the instruction, in substance at least, and unless this is done, either in direct response to the prayer or otherwise in some portion of the charge, the failure will constitute reversible error."

In the present case evidence for plaintiff tends to show that he stood on the east side of the road while cars traveling in both directions passed, and that right after a car going north had passed he started out walking in the road and when almost across, was struck by the automobile operated by Mrs. Hocutt. Mrs. Hocutt, testifying for defendants, stated that she did not see the plaintiff until she had passed the car going north, and that immediately after that car passed plaintiff ran in front of her car. Defendants plead that the sole cause of the accident was the act of plaintiff in running across the road in front of the automobile. In the light of the evidence and the pleading the requested instruction is correct and should have been given, in substance at least. However, a reading of the charge fails to disclose that such was done.

As there must be a new trial for the error above pointed out, other assignments are not treated, as they may not recur upon another trial. Nevertheless, as to what constitutes business and residential districts, attention is called to subsections (a) and (d) of section 1 of chapter 275, Public Laws 1939, and to *Mitchell v. Melts,* 220 N. C., 793, 18 S. E. (2d), 406.

New trial.