HARVEY EUGENE MEADS, T/A STANDARD TILE COMPANY v. NAT DAVIS AND WIFE, MARGARET DAVIS

No. 741SC424

(Filed 17 July 1974)

Uniform Commercial Code § 14— nonconforming delivery — attempted cure by seller — instructions

    A seller may at any time before the expiration of the time for performance make a conforming delivery regardless of a prior nonconforming delivery, even if there was a prior delivery which the seller could not reasonably believe would be accepted; therefore, in an action to collect for materials furnished and services rendered by plaintiff in making improvements to defendants' property, it was not error for the trial court to fail to instruct the jury that, "If the plaintiff did not have a reasonable belief that the goods would be accepted, he does not have the right to cure his defect." G.S. 25-2-508.

APPEAL by defendants from *Cohoon, Judge,* 22 October 1973 Session of Superior Court held in PASQUOTANK County.

Plaintiff instituted this action to collect for certain materials furnished, and services rendered, in making improvements to defendants' property. In his complaint, plaintiff alleged that he had entered into a contract with defendants for the furnishing of materials "in connection with the construction of a dwelling house and other improvements situated on land in Salem Township, Pasquotank County, North Carolina, owned by the defendant (sic)" for which defendants agreed to pay $5,997. Plaintiff also alleged the filing of a lien against the property (described more fully in the complaint) in conformity with the provisions of G.S. 44A-7, et seq., and prayed that the lien be perfected and satisfied. Defendants answered and counterclaimed for damages for breach of the contract, alleging a failure of consideration in that the materials were of inferior quality, and breach of warranty. Plaintiff replied, denying the allegations of defendants and requesting jury trial.

---

Meads v. Davis

---

As a result of a pretrial conference the parties agreed:

"In addition to the facts not in genuine dispute, the contentions of the parties are as follows: Defendants contend that there are numerous defects in the materials and workmanship which went into the installation of the carpet and tile. Plaintiff acknowledged the existence of a small factory defect in a portion of the carpet. Plaintiff contends that he has offered to replace the carpet in which there is a small factory defect at no cost to the Defendant and alleges that Defendant has refused to permit him to do so. Defendants contend that the alleged defects in material and workmanship constitute a breach of warranty that the carpet and padding be of 'first quality' and that 'said carpet and tile be installed in a good and workmanlike manner, within a reasonable time.' Plaintiff denies that any express warranties were made by him and contends that Defendants' failure to permit him to cure the existing defect bars the Defendants' claim for breach of warranty."

Issues as to the amount of damages each party should recover were submitted to the jury, who returned a verdict finding that plaintiff is entitled to $5,997. Judgment was entered in accordance with the verdict and defendants excepted, giving notice of appeal to this court.

*Leroy, Shaw, Hornthal & Riley, by Norman W. Shearin, Jr., and Charles C. Shaw, Jr., for plaintiff appellee.*

*Twiford, Abbott & Seawell, by C. Everett Thompson, for defendant appellants.*

BRITT, Judge.

Defendants assign as error the failure of the trial court to instruct the jury: "If the plaintiff did not have a reasonable belief that the goods would be accepted, he does not have the right to cure his defect." Defendants cite G.S. 25-2-508, Official Comment No. 2. We believe that defendants' contention as to the law is wrong and that they have misconstrued the comment.

G.S. 25-2-508 (1) provides: "Where any tender or delivery by the seller is rejected because nonconforming and the time for performance has not yet expired, the seller may seasonably notify the buyer of his intention to cure and may then within the contract time make a conforming delivery." It is clear from

Meads v. Davis

this section that the seller may at anytime before the expiration of the time for performance make a conforming delivery regardless of a prior nonconforming delivery. Defendants argue that the right would not exist if there was a prior delivery which the seller could not reasonably believe would be accepted. We reject this argument.

The comment, by its introduction, refers to G.S. 25-2-508(2), which provides: "Where the buyer rejects a nonconforming tender which the seller had reasonable grounds to believe would be acceptable with or without money allowance the seller may if he seasonably notifies the buyer have a further reasonable time to substitute a conforming tender." Obviously this section deals with the situation in which the seller knows *prior* to delivery that the goods are not in conformity, but has reason to believe that the buyer will accept. An example of such a situation might be where the buyer orders goods no longer carried by the seller, but the seller has goods which will perform the same function. The section does not apply to the facts shown in the present case.

For the failure of the court to give a requested instruction to be error, the instruction first must be correct. *Bass v. Hocutt,* 221 N.C. 218, 19 S.E. 2d 871 (1942). In this case, the instruction prayed for was not correct, therefore, the assignment is overruled.

The other assignments of error brought forward and argued in defendants' brief relate to the trial court's rulings on the admission and exclusion of certain evidence. Suffice it to say, we have carefully considered the assignments but finding them lacking in merit, they are overruled.

No error.

Chief Judge BROCK and Judge BALEY concur.